## The Borough of Greensburg *versus* Young.

1. The charter of a borough authorized its council to make ordinances, rules and regulations for improving and keeping streets in repair, &c., " and also" to assess and collect a tax for such purpose. *Held,* that general taxation was not the exclusive mode for doing this.

2. There is nothing to restrain the authorities in regard to the rules, &c., except the constitution and laws of the Commonwealth, and the common law, which requires the by-laws of a corporation to be reasonable and not a burden without some fair equivalent.

3. An ordinance of a borough requiring lot-holders to bear the expense of paving, curbing, &c., opposite their lots, is not unreasonable.

4. The lot-holder is not entitled to be paid by the borough for fences fallen, in making pavement, nor for expenses in grading his lot to conform to the grade of the pavement.

ERROR to the Court of Common Pleas of *Westmoreland county*.

This was an amicable action and case stated, in which The Burgesses, &c., of Greensburg were plaintiffs and Statira Young was defendant, filed August 25th 1865, showing these facts.

The borough of Greensburg was chartered by Act of February 9th 1799 ; the 4th section provides :—

" That the burgesses and assistants, or a majority of them, shall have full power and authority to make such ordinances, rules and regulations as may be necessary for improving and keeping in order the streets and alleys within the said borough, and removing

[Borough of Greensburg *v.* Young.]

nuisances or obstructions therefrom ; and the same to annul, alter or make anew, as occasion may require ; and also to assess, levy and collect a tax for said purposes ; and shall have all other powers necessary for the well ordering and better government of the said borough."

On the 23d of August 1853, the burgesses and assistant burgesses ordained, " that the footways of all the streets within said borough shall be 10 feet wide from the houses or lots on each side of the several streets ; and that the same shall be paved with hard burnt brick, or smooth flag-stones, &c. ; and that the curbstones shall be procured and set by the burgesses, one-half of the procuring and setting the same to be paid by the borough, and the other half to be charged to the lot owner or occupier opposite whose lot said curbstones shall be set.

" That when any curbstone shall have been set, as aforesaid, in front of any lot or lots, it shall be the duty of such lot owner or occupier, at his own expense, forthwith to pave the footway in the manner prescribed in the 1st section of the ordinance. Provided, That when the curbstone shall have been set, notice shall be given to the lot owner or occupier to pave such footway forthwith ; which said notice shall contain an account of the one-half the costs of procuring and setting said curbstones chargeable to said owner or occupier, together with $12\frac{1}{2}$ cents charged for each and every notice served.

" That if within thirty days after notice given in pursuance of the 2d section of this ordinance, the parties so notified shall not pay the amount charged and contained in such notice for the procuring and setting of said curbstone, and shall not have made and completed the pavement in front of his or her lot or lots, in accordance with the 1st and 2d sections of this ordinance, it shall be lawful for the burgesses to make such pavement, charging the cost of materials and construction, together with the cost of the officer attending to the same, to the parties so notified, and to recover the same, together with the cost of procuring and setting the curbstone, for the use of the borough, in the same manner as like amounts are by law recoverable."

In 1864 the burgesses graded the streets from the curbstone to the lots, and made pavements along the lots belonging to Statira Young, and expended, in and about the same, the sum of $171.09, which, with interest to the present time, is the sum claimed in this action.

If the court should be of opinion that the plaintiffs are entitled to recover, judgment for plaintiffs for the sum of $185.15, as of this date, with costs ; if they are of a different opinion, judgment for the defendant, with costs.

And it is further agreed that certain damage was sustained by the defendant, by reason of the grading and construction of

[Borough of Greensburg *v.* Young.]

pavements, in that her fence fell down, and the lot had to be refenced; and further, by reason of the grading of the streets, it has become necessary that the lots themselves should be graded down to the level of the street. The amount, in money, of these damages, is yet unascertained. If the court should be of the opinion that they constitute a good set-off against the claim of the borough (if the borough has a valid claim), the court will direct that the amount of said damages shall be determined, &c."

The court entered judgment for the defendant: this was assigned for error.

*E. Cowan* and *R. B. Patterson*, for plaintiffs in error, cited Grant on Corp. 76, 80; Commonwealth *v.* Woelpper, 3 S. & R. 29; 4 Burr. 2204.

*H. D. Foster,* for defendant in error.

The opinion of the court was delivered, January 7th 1867, by

THOMPSON, J.—This was an amicable action and case stated for the purpose of determining whether the defendant was liable to the borough under the Ordinance of the 23d of August 1853, to pay for grading and paving the sidewalks or footway in front of her lot in said borough. It is presumable that many pavements have been laid down under the authority of this ordinance before the dispute arose in this case; but we do not learn that the power of the borough authorities to pass such an ordinance has heretofore been disputed. We have no trace of it in judicial proceedings at all events.

The case stated finds that Greensburg was incorporated by Act of Assembly of February 9th 1799, "with full power and authority (to the burgesses and assistant burgesses, or a majority) to make such ordinances, rules and regulations as may be necessary for improving and keeping in order the streets and alleys within said borough, and removing nuisances or obstructions therefrom * * * * * and also to assess, levy and collect a tax for such purposes, and shall have all other powers necessary for the well ordering and better government of said borough:" "Provided, that the said ordinances shall not be repugnant to the constitution and laws of the Commonwealth."

The jurisdiction of the authorities of this borough over its streets and alleys for the purposes of improvement and repair is thus clearly defined and ample. But it is asserted by the defendant in error that this is all to be accomplished at the general expense, by means of taxation, and that no part may be done by force of ordinances operating on individual property-owners. I do not agree to this. The burgesses and assistant burgesses have the express right corporate to make such ordinances, rules and

[Borough of Greensburg v. Young.]

regulations as may be necessary for improving and keeping in good order the streets and alleys, " and also the right to levy taxes for said purposes." The last is not the exclusive mode pointed out for doing it.` It is auxiliary, and in aid of the rules, regulations and ordinances which may be made. The copulatives " and also" clearly indicate this. There is nothing therefore to restrain the authorities in regard to these rules, regulations and ordinances which they make on the subject of the streets, but the constitution and laws of the Commonwealth, and the common law, which requires the by-laws of the corporation to be reasonable and not a burden, without some fair equivalent: 4 Burr. 2204; Grant on Corp. 86; 2 Jur. 318; 2 Grant's Cases 291. As there seems to be no repugnance between the ordinance under which the paving was done by the borough and charged to the defendant, and any law of the Commonwealth, the only inquiry to be made is, whether it is reasonable in its terms. To invalidate it, it must be made to appear that it is unreasonable; but this the case stated does not find; and not being alleged, we should hold it to be reasonable, and therefore valid, according to the test of the common law. Such ordinances we believe to have been always usual under the old borough charters. I can speak from personal knowledge of several. Although a sidewalk is in fact part of the street, yet a distinction between it and the main body of the street has been usually made, especially in regard to the expense of grading and paving. It is supposed to be more immediately beneficial to the owner and co-corporators than the roadway of the street, which the whole public may use with teams, wagons and droves of cattle and the like *ad libitum.* Sidewalks are not intended so to be used, and such is generally prohibited. The expense is light compared to opening and grading the whole width of the street, and is therefore not unreasonable, especially in view of the advantage to the lot-owner of his own improvement, and the reciprocal advantage of the improvements of his co-corporators. It has not been thought unreasonable; and comparatively recent legislation seems strongly to sanction it as entirely proper and reasonable. By the Borough Act of 1851, it is a fundamental article, that the authorities have the right to require sidewalks to be graded and paved by lot-owners. A distinction is here taken between that portion of the street called the sidewalk and the roadway, and it had long been taken, and no doubt gave rise to the provision in the last act. Streets were under the old acts, I believe, always opened at the general expense of the corporations, and continue so to be yet where express legislation has not furnished a different rule, as in this city and several other cities in the Commonwealth. And in those cases where property-owners are required by ordinance to do it, the expense of grading and paving the entire street in front of their

[Borough of Greensburg v. Young.]

respective properties, no constitutional difficulty in the way of the legislation has been judicially sanctioned in any case. We think the authorities of the borough of Greensburg had full power to pass the ordinance in question, and that the defendant was bound to obey it, or in default pay for the work done under it by the borough. This being so, she can have no claim for damages for rebuilding fences removed or fallen in making the pavement. This was an incident of the work she was bound to perform herself; nor can she claim for grading her lot to the grade of the pavement.

The assessment or charge against the defendant for the grading and paving in question was not a tax, Pray *v.* The Northern Liberties, 7 Casey 69, and does not conflict with the limit upon the authorities as to the extent of tax they may lay in any one year.

The judgment must therefore be reversed, and judgment be entered for the plaintiff.

> And now, to wit, January 7th 1867, the judgment entered in the Court of Common Pleas of Westmoreland county in favor of the defendant on the case stated in this case is *reversed* and set aside; and judgment is now here entered on the same in favor of the plaintiff for $185.15, with interest from the 15th day of June 1865, and costs of suit.