159    495|
23 SC  547|

# Phila., to use, v. Meighan, Appellant.

*Municipal lien—Paving—Setting curb—Notice.*

Where a curb is set by a city without notice to the landowner, the owner is not relieved from payment therefor because he was not notified. He is only liable however for what the work would have cost if he had done it himself.

Argued Jan. 8, 1894.    Appeal, No. 103, July T., 1893, by defendant, John Meighan, from judgment of C. P. No. 4, Phila., Sept. T., 1891, M. L. D., No. 380, on verdict for plaintiff to use of. John M. Mack.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Sci. fa. sur municipal claim for paving and curbing.

At the trial, before THAYER, P. J., defendant offered evidence which tended to show that the paving had been done in an inferior manner, and that he had no notice to set the curb. The evidence of plaintiff contradicted that of defendant.

The court below charged as follows :

" It is altogether a question of fact for you.    The defendant contends that this pavement was not well laid, and that the plaintiff did not substantially comply with the contract.    You have heard all that has been said on that subject.    You have heard, on the other side, what the officers of the department thought of it.    It seems they approved of it, and one of the officers swears that he gave notice to the defendant about the curbing ; that it was left at the defendant's office.    If it was left at his office, that is a good service of notice, although he did not get it.    With regard to the character of the pavement, you are to attend, not only to the defendant's evidence upon that subject, but also to what is said by the plaintiff's witnesses, who are the officers of the city, who inspected this work.    They not only approved of this work, and certified the plaintiff's bill, but they come here to-day and say that the work was well done."

Defendant presented this point:

" 7. If the jury find that no notice was given the defendant to set the curb, the use plaintiff cannot recover for that item

of his claim. *Answer:* I refuse that point. In the event of want of notice, the law is that the defendant is entitled to be allowed the difference between what the city charges him and what he might have got it done for himself. He is not to get the city's curbing, which they paid for, for nothing." [2]

Verdict and judgment for plaintiff for full amount claimed.

*Errors assigned* were (1) the charge gave undue prominence to plaintiff's testimony; (2) instructions, quoting them.

*Robert H. Neilson,* for appellant, cited: Ins. Co. v. Rosenberger, 3 W. N. 16; R. R. v. Brandtmaier, 113 Pa. 610; Burke v. Maxwell, 81 Pa. 139; McTaggart v. Thompson, 14 Pa. 149; Penna. Canal Co. v. Harris, 101 Pa. 80; Reichenbach v. Ruddach, 127 Pa. 564; Fell v. City, 81 Pa. 58; City v. Lea, 5 Phila. 77; Reilly v. Phila., 60 Pa. 467; Pittsburgh v. Walter, 69 Pa. 365; Phila. v. Edwards, 78 Pa. 62; Deford v. Reynolds, 36 Pa. 325.

*E. O. Michener,* for appellee, not heard, cited: Schenley v. Com., 36 Pa. 60; Blair v. City, 74 Pa. 225.

PER CURIAM, January 22, 1894:

We find nothing in this record that requires a reversal of the judgment.

Judgment affirmed.