## The City of Pittsburg, for use of M. Flanagan, *v.* W. H. Daly, Appellant.

*Municipal law—Lot owner's liability for laying sidewalks—Police regulation.*

An ordinance requiring lot owners to lay sidewalks is a police regulation. A duty is imposed, the neglect of which creates a liability if it be so ordained, to the municipality for the cost it has been put to in doing that which the lot owner ought to have done. Such liability is not a tax or a municipal assessment in nature of a tax but a liability incurred for neglect to perform a duty imposed by the police power of the city.

*Municipal claim—Sidewalks—Act of 1891 not exclusive as to remedy.*

The provision for a lien in case of default of the lot owner in cases of putting down or repairing a sidewalk, provided by section 11 of the Act of May 16, 1891, P. L. 75 is not exclusive nor has it restricted the collection of such claims to the property in front of which the sidewalk is laid. In cases of default by the lot owner the municipality may collect the same by action of assumpsit.

*Constitutional law—Statutes—Sufficiency of title.*

The title of the Act of May 16, 1891, P. L. 69 is neither defective nor misleading so as to require the courts to declare it void. Everything which the nature of the subject of the title reasonably suggests, as necessary or appropriate for the accomplishment of its expressed purpose, is sufficiently indicated therein.

*Costs—Assumpsit to recover cost of pavement—Jurisdiction, C. P.*

A justice of the peace under the Act of March 20, 1810, 5 Sm. L. 161, has jurisdiction of actions arising from contracts express or implied, but the cause of action arising from failure to obey a police regulation is not contractual, nor is it deducible from contract in its proper sense, hence it

follows that such action being properly brought in the common pleas a. judgment in favor of the plaintiff carries costs.

*Practice, C. P.—Affidavit of defense—Sufficiency—Notice.*

An affidavit of defense is insufficient in a suit to recover cost of sidewalk which alleges that " notice such as recited in, and attached to, plaintiff's statement was not at any time given to or served upon defendant" but which does not allege that defendant was not legally notified to lay the sidewalk or even that copy of the notice, attached to the statement, was not left at his residence or place of business or did not come to his hands, and does not allege a defense as to the price or quality of the work.

Argued April 13, 1897. Appeal, No. 50, April T., 1897, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1896, No. 751, for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit to recover the cost of paving sidewalk.

The defendant was the owner of a lot of ground in the city of Pittsburg. The city, after notice alleged to have been given, proceeded to have a flagstone pavement or sidewalk laid. Upon completion of the work the cost was assessed by the city upon defendant's lot. The defendant refused to pay the same and the city for the use of the contractor instituted this suit in assumpsit for the recovery thereof. The defendant interposed an affidavit of defense denying notice to him to do the required work, and the right of the plaintiff to recover a general judgment against him therefor, and averring that such judgment only, if any, could be recovered as would enable the city to collect the cost of the work from the lot aforesaid upon which the same was assessed, and further averred that as the claim sought to be recovered was less than $100, and the plaintiff not having caused an oath or affirmation to be made and filed in the prothonotary's office, before obtaining the writ of summons, that the debt due exceeded the sum of $100, the judgment, if any, recovered should be without costs. The court directed judgment for plaintiff for want of a sufficient affidavit of defense for $45.93. Defendant appealed.

*Errors assigned* were, (1) entering judgment generally against the defendant. (2) In not entering judgment the lien of which and the execution whereon should be restricted to the

lot of ground on Hazelwood avenue, in front of and along which the said sidewalk was laid, and against which the said claim was assessed. (3) In not entering judgment without costs.

*J. M. Hunter* of *Hunter & Beatty*, for appellant.—The authority for the course pursued by the city is to be found in the eleventh section of the Act of May 16, 1891, P. L. 75.

Grants of power are not to be implied. And when granted are to be strictly followed. The legislative authority must be clearly expressed. " The act must give the right in plain terms : " Phila. v. Merklee, 159 Pa. 515 ; Phila. v. Bradfield, 159 Pa. 517.

The title of the act does not warrant the provision of the eleventh section, authorizing municipal authorities to " file a lien " for the costs of sidewalks, or to " collect the same by action of assumpsit."

If it does warrant such provision, then the provision must be so construed as to confine recovery and collection under the action of assumpsit, to the property upon which the assessment is made.

Upon some such construction only, can the section quoted stand. If it be so construed as to authorize a general judgment, it is in conflict with section 3 of article III. of the constitution, which provides : "No bill, except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title."

The title of the act is defective : Com. v. Samuels, 163 Pa. 283.

The title of the act must not be misleading : Phila. v. Market Co., 161 Pa. 522 ; Airy St., 113 Pa. 281 ; Rogers v. Impt. Co., 109 Pa. 109.

Under the act notice is a prerequisite. The denial of notice raised an issue for the determination of a jury.

The affidavit also raised squarely the legal question of the character of the judgment, if any, to be recovered in the case. It averred :

" That he is advised and believes that the said plaintiffs have no legal right to recover a general judgment against him herein for the sum claimed, or for any sum whatever, but that such judgment only, if any, can be recovered, as will enable the city

of Pittsburg to collect the cost of the specified work from the property of the defendant, in front or along which said sidewalk was laid, and upon which such cost was assessed, as in the said statement alleged."

*J. H. Beal*, with him *Clarence Burleigh* and *A. E. Anderson*, for appellee.

OPINION BY RICE, P. J., October 11, 1897:

It has been held, that an action of assumpsit cannot be maintained to recover a municipal assessment for paving a street (Phila. v. Merklee, 159 Pa. 515), or for the construction of a sewer (Phila. v. Bradfield, 159 Pa. 517); the only remedy provided by statute for the collection of such claims being a proceeding in rem. The case of McKeesport v. Fidler, 147 Pa. 532 goes still further, and holds, that a municipal assessment for the cost of building a sewer is a tax, and being a tax cannot be collected as an ordinary debt by a common-law action, unless such remedy is given by statute; and this too although the statute provides no other remedy for its collection. On the other hand, it was held in Greensburg v. Young, 53 Pa. 280, that under the general power "to make such ordinances, rules and regulations as may be necessary for improving and keeping in order the streets and alleys," a municipality may pass an ordinance requiring property owners to lay sidewalks, and upon their refusal to do so, may lay them itself, and recover the cost thereof from the abutting owners, by personal action. But the right to file a lien for any municipal claim must be expressly given by statute or taken not to exist: Philadelphia v. Greble, 38 Pa. 339; Mauch Chunk v. Shortz, 61 Pa. 399; Wilson v. Allegheny, 79 Pa. 272; Meadville v. Dickson, 129 Pa. 1; McKeesport v. Fidler, supra. There is no difficulty in reconciling the decisions in Greensburg v. Young and McKeesport v. Fidler, if we keep in mind the radical difference in the nature of the claims. An ordinance requiring lot owners to lay sidewalks is a police regulation. A duty is imposed, the neglect of which creates a liability—if it be so ordained—to the municipality for the cost it has been put to in doing that which he ought to have done. It is not a tax or a local assessment in the nature of a tax based on special benefits accruing or sup-

posed to accrue to the landowner; although, ordinarily, these are a full equivalent for the cost. "In the case of borough footwalks" said Chief Justice PAXSON, "the owners of the property are required by law to keep their footways in repair, and if necessary relay them. This is a duty imposed directly on the property owners, and is in the nature of a police regulation. It is no more a tax, or a municipal assessment in the nature of a tax, than would be the imposition of any other duty by virtue of the police powers of the borough, with a penalty for its violation:" Wilkinsburg Borough v. Home for Aged Women, 131 Pa. 109. In Philadelphia v. Penna. Hospital, 143 Pa. 367, the present chief justice closes a discussion of the subject in this language: "On principle, as well as on the authority of our own cases, the amount expended by the city in enforcing the regulation is not in any proper sense of the word a tax. It is a liability incurred for neglect to perform a duty imposed by the police power of the city."

"The duty of a borough," said Mr. Justice MITCHELL, "or of any municipality, as to sidewalks, is secondary and supplemental, to see that the property owner makes and maintains a safe pavement, and its breach of duty is not in failing to do the work, but in failing to compel the owner to do it:" Lohr v. Phillipsburg, 156 Pa. 246. Neglect of this primary legal duty lies at the foundation of his liability over to the municipality for the damages it has been compelled to pay for injuries caused by defects in the sidewalk. And if this obligation to reimburse the municipality the amount it has been compelled to pay for damages may be enforced in a common-law action—as it undoubtedly may be in a proper case—it is difficult to see why a similar action will not lie to enforce repayment of the amount the municipality has paid for the construction of the sidewalk it was his duty to build; unless, indeed, the legislature has provided another remedy which is exclusive. Even for a penalty an action of debt would lie at common law when the statute prescribes no other remedy.

The question then arises, whether the legislature has provided another remedy, which is exclusive, or has restricted the collection of such claims to the property in front of which the sidewalk is laid.

The eleventh section of the Act of May 16, 1891, P. L. 75, provides as follows:

" The municipal authorities may require sidewalks, board-walks and curbstone to be laid, set and kept in repair, and after notice to the owner or owners of the property, to lay, set or repair such walks or stone in front of his, her or their property, and his, her or their failure to do so, the said municipal author-ities may do the necessary work and assess the cost thereof upon the property of said owner or owners in front or along which said walk or curbstone so laid, set or repaired, shall be situate, and file a lien therefor or collect the same by action of assumpsit."

The defendant's counsel assume, as the basis of their argu-ment, that the authority for the course pursued by the city in making the improvement for which recovery is here sought, and for the maintenance of this action, if it exists, or so far as it exists, is derived from the foregoing section. But it is to be observed that so far as the authority of the city to require lot owners to lay sidewalks, and, upon their neglect or refusal, to lay them itself, and to recover the cost from the lot owners, is concerned, the section above quoted is simply declaratory of the existing law. Even in the absence of such special delega-tion of the power it would have been included in the general power of the city to make such ordinances, rules and regulations as may be necessary for improving and keeping in order the streets and alleys : Greensburg v. Young, supra; 2 Dill. Mun. Corp. par. 798. But, as we have seen, a municipal corporation has no inherent or implied right to file a lien against the prop-erty for the cost of the improvement; it must be expressly given by the legislature. Hence the occasion for the eleventh section conferring it, and the Act of May 16, 1891, P. L. 69, regulating it, or similar legislation. And in order to prevent any possible inference that the remedy thus provided was in-tended to take the place of the common-law remedy by action, and be exclusive, the words were added, " or collect the same " (i. e. the cost of the improvement) " by action of assumpsit."

Assuming this to be the true purpose and effect of the clause last quoted, is the title of the act so defective or misleading as to require us to treat the provision as void and of no effect whatever?

A leading case interpreting the constitutional provision is Mauch Chunk v. McGee, 81 Pa. 433. The title of the act was

"An act giving the right to the town council of the borough of Mauch Chunk to build drains and sewers, and file liens for the building of the same." The second section authorized the borough to impose a reasonable charge, not exceeding $1.00 per foot per annum, upon lot owners tapping the sewers, and to collect the same by an action of debt as ordinary actions of debt are now recoverable. The true purpose of this section, said the court "is to enable the borough to collect the expense of building sewers and drains, built or to be built, from those who use them. The words 'and the said charge may be discontinued when the borough is fully reimbursed for all the expense and costs incurred in building and maintaining the said sewers, culverts and drains,' were intended to put an end to the special yearly charge per foot when the owner of a lot had paid his proportion of the expense. This must be treated as mandatory, to guard against a continuing charge for construction, beyond the time of full payment; leaving the borough under its general powers, which are ample, to collect a reasonable and uniform charge from lot holders for the use of the sewer if they continue to use it. The purpose, as thus interpreted, being to enable the borough to collect the cost of construction from those who used the sewer, it is not so foreign as to be declared unconstitutional." Speaking of the objection that the remedy given in the section was not by way of filing a lien but by action of debt, the court said: "This however is only modal. The purpose of filing a lien is to secure the expense, yet it does not expressly give any remedy for collection. But as collection is the substantial point intended, of the authority to file the lien, no one could contend that any remedy for collection given by the legislature in the body of the act would be foreign to the title. It might be debt on the lien, or scire facias, or other writ suitable to accomplish the purpose. A judgment in debt would itself be a lien, and become efficient for collection by execution. Upon the whole section, we cannot, in view of its evident purpose, say it is not substantially germane to the subject of the title. It will not do to defeat useful and honest legislation by too rigid an adherence to the letter of the constitution." It would require very great ingenuity to reverse the judgment in this case without overruling the case cited. Every attempt to distinguish the cases is favorable to the plaintiff's contention.

The title of the act of 1891 reads as follows: "In relation to the laying out, opening, widening, straightening, extending or vacating streets and alleys, and the construction of bridges in the several municipalities of this commonwealth, the grading, paving, macadamizing or otherwise improving the streets and alleys, providing for ascertaining the damage to private property resulting therefrom, the assessment of the damages, costs and expenses thereof upon the property benefited, and the construction of sewers and payment of the damages, costs and expenses thereof, including damages to private property resulting therefrom." The general and comprehensive subject of the act is the making and improvement of highways and sewers in the several municipalities of the commonwealth. This includes (and all this is clearly expressed in the title), the laying out, opening, widening, straightening, extending, vacating, grading, paving, macadamizing, or otherwise improving streets and alleys, and the construction of bridges and sewers, in the several municipalities of the commonwealth. The ascertainment of the damages and benefits to private property resulting therefrom, and the collection and payment of the costs and expenses thereof are subordinate, not distinct and unrelated, subjects requiring separate legislation. Nor under a reasonable construction of the constitutional provisions was it necessary to call attention, in the title, to every detail of the legislation upon the general subject expressed in the title. The general principle has been well expressed by our Brother SMITH: "The unity of the subject of a statute is to be determined by its paramount purpose rather than by the details through which that purpose is to be accomplished. The subject may have but one object, while the measures necessary for the attainment of that object may necessarily embrace many subordinate subjects, differing in their nature and particular effect, yet all contributing to it, and comprised within the principal subject. Everything which the nature of the subject of a title reasonably suggests, as necessary or appropriate for the accomplishment of its expressed purpose, is sufficiently indicated by such title:" Commonwealth v. Jones, 4 Pa. Superior Ct. 362. "If the title fairly gives notice of the subject, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to the contents, as has often been said:" Allegheny County Home's

Appeal, 77 Pa. 77. But the authorities are clear and emphatic that the title, whether full or meager, must not be misleading: Philadelphia Market Co., 161 Pa. 522. Inquiry into the body of an act may sometimes be as effectually averted by expressing too much as by expressing too little ·in the title. It is argued that the intention expressed in the title to assess the cost of improvements upon the property benefited, excludes the idea of an intention to create a personal liability therefor. But why stop there? Why not go to the logical conclusion of the argument, and say that this clause of the title indicates an enactment providing for the payment of the damages, cost and expenses, by assessment upon the properties benefited, and not otherwise? This is where the argument leads to; but surely no one could reasonably infer from the title that the act took away the power of the corporation to make any of the improvements referred to at its own expense if it sees fit. Nor without looking into the body of the act, would one be justified in inferring that the provision authorizing the assessment of the cost of the improvement upon the property benefited would be so framed as to exempt the owner from personal liability where from the nature of the claim there was such liability independently of the act. Where the title indicates that a right, or a power or a remedy is given, but does not indicate that it is exclusive of existing rights, powers or remedies with respect to the same subject one would naturally infer that it is not so rather than that it is. Certainly no rational interpretation of the constitution would justify him in assuming that it is exclusive without looking into the body of the act.

It is thus seen, that the constitutionality of the eleventh section, in its entirety, may be sustained upon even broader grounds than were held sufficient to sustain the act under consideration in Mauch Chunk v. McGee, 81 Pa. 433.

By the act of 1810 justices of the peace have jurisdiction of actions arising from contract, express or implied, in all cases where the sum demanded is not above $100 except in cases of real contract, where the title to lands and tenements may come in question, or actions on promise of marriage. The defendant's liability is not contractual, nor is it deducible from a contract in its proper sense. To recur again to the definition given in Wilkinsburg v. Home, supra, and Philadelphia v. Penn. Hos-

pital, supra, it is a liability incurred for neglect to perform a duty imposed by the police power of the city. There is no implied contract except such as every man is under to obey the laws, but in construing the act of 1810, it has generally been held that the legislature "had in view those contracts that arise immediately out of a course of dealing between the parties, and not that sort of contract that arises remotely out of the compact of government:" Ziegler v. Gram, 13 S. & R. 102; Shaffer v. McNamee, 13 S. & R. 44; Com. v. Reynolds, 17 S. & R. 367; Montgomery v. Poorman, 6 W. 384; Ellsworth v. Barstow, 7 W. 314; Seitzinger v. Steinberger, 12 Pa. 379. It follows that the cause of action was not within the jurisdiction of justices of the peace, and a judgment in favor of the plaintiff in the common pleas carries costs.

The defendant alleges that "notice such as that recited in, and attached to, plaintiff's statement was not at any time given to or served upon him," but does not allege that he was not legally notified to lay the sidewalk or even that a copy of the notice attached to the statement was not left at his residence or place of business or did not come to his hands. In the absence of an explicit and unequivocal denial of notice or of an averment that he has a defense as to the price or quality of the work the affidavit was insufficient to prevent judgment. See Pittsburg v. Coursin, 74 Pa. 400; Smith v. Kingston Boro., 120 Pa. 357; Philadelphia v. Meighan, 159 Pa. 495; Finley v. Pittsburg, 10 Cent. Rep. 323.

Judgment affirmed.