## The City of Pittsburg, for use of M. Flanagan, *v.* Bridget Fay, Appellant.

*Municipal lien—Sidewalk paving—Notice—Act of* 1891.

Before a city can file a lien with the added penalties for laying a sidewalk the provisions of the act of May 16, 1891, must be complied with, one of which requires notice to be given to the owner of the property.

*Sidewalk paving—Assumpsit to recover by the city.*

A city being liable for injury resulting for defective sidewalks as a general rule, if the property owner neglects his duty to repair, the city may repair, and if the repair is done with actual knowledge of the owner and without his protest, the city may recover the actual cost of the pavement or repairs in an action of assumpsit.

*Sidewalks—Recovery for pavement by city—Ordinance in Pittsburg.*

In Pittsburg the method by which the city shall lay sidewalks being regulated by ordinance, this ordinance must be strictly conformed to and the written notice required thereby must be given as a condition precedent to recovery of the cost from the owner.

The following written notice held sufficient to sustain a lien or recovery in assumpsit: "Patrick Fay's estate, per Mrs. B. Fay. You are hereby notified to lay 5 ft. flagstone pavement in front of your lot on Hazlewood Ave." Patrick Fay was dead and defendant owned the property in her own right. *Held*, that defendant was liable and it made no difference whether she knew or did not know that sidewalks were being laid by the city.

Argued April 12, 1898. Appeal, No. 130, April T., 1898, by defendant, from judgment of C. P. No. 2, Allegheny County, April T., 1896, No. 756, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before WHITE, P. J.

It appears from the record and the evidence that this action was brought by the city to recover the cost of the laying of a flagstone sidewalk in front of defendant's property. There were but two witnesses in the case, one on each side. The witness for the city was a man named Thomas who testified that he served a written notice on defendant which purported to be as follows : " Patrick Fay's estate, per Mrs. B. Fay. You are hereby notified to lay 5 ft. flagstone pavement in front of your lot on Hazlewood Ave." Mrs. Fay, the defendant, testified that he did not serve her with that or any other notice and that she was the owner in fee of the property. Ordinances of the city of Pittsburg which were offered in evidence provide that twenty days' written notice must be given to the owner to give him an opportunity to lay the sidewalk before the city can do it.

The court below charged the jury as follows :

This action is in a nutshell. [If Mr. Thomas served upon the defendant the notice he swears to, the plaintiff is entitled to recover the amount of the claim in this case, and that is really the only question at issue. Did he serve that notice upon her ? ] [6]

It has always been the law of Pittsburg, and, I believe, all other cities and boroughs in the state of Pennsylvania, that the property holders along a street must lay the sidewalk and keep it in order. The municipality grades the street, and paves the cartway, and puts in the curbstones ; then it is the duty of the property holders to lay the sidewalk. It has also been the law that if, after notice, the property holder does not pave the sidewalk, the municipality does it, and charges the property holder with the expense.

This is a claim for a pavement in front of a property owned by the defendant on Hazlewood avenue. It seems from the claim that the plaintiff for use of the city here put down a flagstone pavement in front of that property. The property abuts on that street about 221 feet, and the flagstone, I believe, was about five feet wide. That was put down in front of defendant's property the whole way at the rate of ninety-five cents a lineal foot, making $219.45, and this action is to recover that

amount. There is no evidence here that the charge is not a proper charge. There is no evidence but what it was done as cheaply as it could be done; no evidence at all to indicate that there was anything more charged for this than what the defendant herself would have had to pay if she had done it. [But the only defense is that she never had the notice before the city did the work. I am by no means satisfied that any notice at all was necessary. The act of assembly does not require any written notice to be given.] [7] The act of assembly, which I really believe applies to all the cities and boroughs in the state, is in these words:

"The municipal authorities may require sidewalks, boardwalks and curbstones to be laid, set and kept in repair, and after notice to the owner or owners of property to lay, set or repair such walks or stone in front of his, her or their property, and his, her or their failure to do so, the said municipal authorities may do the necessary work, and assess the cost thereof upon the property of the said owner or owners in front or along which said walk or curbstone so laid, set or repaired shall be situated, and file a lien therefor, or collect the same by an action of assumpsit."

[This is an action of assumpsit to recover that amount. That act does not require a written notice to be served on the property holder, either to lay down the original pavement or to repair the pavement. It simply says, " after notice." Under that act of assembly a verbal notice would be sufficient. It does not say that the notice must be served within twenty days or any time. It simply provides that the property holder shall have some notice before the municipal authorities perform the work, in order that the property holder may do it. If he or she does not do it, the city does it and charges the property holder with the expense. The ordinance of the city, passed in pursuance, perhaps, of that act of assembly, directs the municipal authorities, after twenty days' notice to the property holder, to do the work, and charge the property holder, and that ordinance provides for a written notice. Now what is the object of this? It is to be construed rationally, and in a reasonable way. It is simply so that the property holder may have notice to put down the sidewalk in front of his property. If he does not do it within twenty days, the city does it at his expense.] [8]

Now, we have had the deposition of Mr. Thomas read in this case, in which he states that on the 14th day of November, 1895, some six months or so, I believe—

By Mr. Beal: It was 1894.

By the Court: Well, it was after the street had been paved, and after the curbstones were set, he states that he notified all the property holders on Hazlewood avenue to lay their sidewalks. [You know it is not customary to lay sidewalks with bricks or stone until after the street has been graded and the cartway paved. That was done, and every property holder knew when that street was graded and the cartway paved that he would be called upon to lay the pavement. He was bound to know the law, and bound to know that then he would be called upon to fix the pavement. Mrs. Fay, the defendant, owning the property there, knowing that the cartway of that street had been improved, was bound to know that she would be called upon to put the pavement down along in front of her property. She knew that without the notice, because she was bound to know the law on the subject.] [9]

[Mr. Thomas says, that on the 14th day of November, 1894, he served a written notice on her to put down the sidewalk in front of her property on Hazlewood avenue, and he gives a copy of that notice, which is to estate of P. Fay, and then he indicates Mrs. B. Fay. Now did she get that notice? If she did it was notice to her that certain property on Hazelwood avenue, in which she had an interest, was to be paved—that the sidewalk was to be paved. Although it may have been in the name of P. Fay's estate, yet if a notice was served upon her in reference to property up there, and she knew that she had property up there, she would know that she was called upon to put down the pavement in front of her property.] [10]

[Mr. Thomas, in his deposition, not only testifies that he served that notice upon her, but he goes further and fixes the date from his stub book. Further than that she was not living on Hazlewood avenue at the time, she was living on Second avenue, and he says he served it in the house she was living in on Second avenue. He says further that he went there and asked for Mrs. Fay, and she told him that that was her name, and he says that in a back room he served the notice on her, and explained it to her, and that she said she understood it.

That is his testimony. One of two things is true, either he imagines all this, or he has sworn to a deliberate falsehood.

On the other hand Mrs. Fay says she never got the notice. Well, she may have forgotten. She is an old lady, and may have forgotten, and may testify very honestly here to her belief that she never got the notice.] [11]

[Now which of these two witnesses will you believe Thomas, with the detailed circumstances, or simply Mrs. Fay, denying that she ever got that notice? That is the question before the jury. If she got that notice the plaintiff is entitled to recover. If she never got any notice, while I am not clear but that she would be liable, yet I say to you that in that event your verdict should be for the defendant.] [12]

Verdict and judgment for plaintiff for $246.66. Defendant appealed.

*Errors assigned* were (1) in overruling defendant's objection to the following question and admitting the evidence under bill of exceptions. B. Fay, the defendant, being on the stand, having denied that she had been served with a notice to lay a stone sidewalk, was asked by plaintiff's counsel on cross-examination : " Q. And you knew after Hazelwood avenue was graded and paved that Mr. Flanagan was laying a sidewalk along there ? " (2) In overruling defendant's objection to the following question asked defendant on cross-examination and admitting the evidence under bill of exceptions. B. Fay, defendant, being on the stand, having testified under objection that she knew that Mr. Flanagan, a contractor employed by the city, was laying the sidewalks on Hazelwood avenue where defendant's property was situated, was asked the following question on cross-examination : " Q. Your son, or grandson, worked for him at work, didn't he ? " (3) Refusal of binding instructions for defendant. (4) In refusing defendant's second point as follows : " 2. If the jury find that plaintiff laid the pavement on the sidewalk in front of defendant's property on Hazelwood avenue without first having given defendant notice to do so, in accordance with the act of assembly and the ordinances of the city of Pittsburg, their verdict should be for defendant." (5) In answer to defendant's third point, which point and answer are as follows : " 3. The notice directed to P. Fay's estate

is not sufficient to bind defendant, even if served on defendant. *Answer :* Refused. These points are refused for reasons explained in the charge." (6–12) To portions of the judge's charge, reciting same.

*F. C. McGirr* of *Marron & McGirr*, for appellant.—Two ordinances are the city's only authority to pave a sidewalk and charge the owner. They both provide that twenty days' written notice must be given to the owner, to give him an opportunity to do the work.

There were but two witnesses in this case and their testimony was conflicting.

The whole tenor of the charge being that since it was defendant's duty to lay a pavement no notice was necessary; that a verbal notice, or mere knowledge on her part, was sufficient; and that the notice addressed to Patrick Fay's estate was notice to defendant, we claim that the entire charge was erroneous, and ask that the judgment in this case be reversed.

Where a previous notice is required to be given to the owner, and the city has no right to charge him except after his neglect to comply with the notice, it must be given to the owner—the registered owner, if there is one, and averred in the claim filed, otherwise the claim is fatally defective and may be stricken off: Phila. v. Dungan, 124 Pa. 52 ; Connellsville Boro. v. Gilmore, 15 W. N. C. 343.

*J. H. Beal*, with him *Clarence Burleigh*, for appellee.—The chief questions urged by appellants seem to be that the notice being addressed to the Patrick Fay estate, it is not a proper notice to the appellant. Appellant does not claim she was misled by the notice. But even if the court below was wrong upon these questions the judgment should be affirmed because under the admitted facts want of notice would be no defense to the plaintiff's claim. This precise question was before the Supreme Court in Phila. v. Meighan, 159 Pa. 495.

The liability of the lot owner for the cost of laying the sidewalk is a primary liability, which exists independently of the statute altogether: Pittsburgh v. Daly, 5 Pa. Superior Ct. 528.

The provisions regarding the giving of notice are merely directory, and the only effect of a failure to notify the property

owner is not to relieve him from paying that which is his own debt, but simply to entitle him to be allowed the difference between what the city charges and what he could have gotten the work done for himself.

Opinion by Reeder, J., July 29, 1898: ·

This is an action of · assumpsit to recover the actual cost of paving in front of the defendant's property on Hazlewood avenue in the city of Pittsburg. The only defense was that she had never been notified to lay the sidewalk before the city did the work.

Before a city can file a municipal lien with the added penalty for laying a sidewalk the provisions of the act of May 16, 1891, must be complied with, one of which requires notice to be given to the owner of the property. That however is not this case.

This is not a proceeding under the act of 1891, but is an action of assumpsit to recover upon a quantum meruit for the actual cost of work done and materials furnished for the benefit of defendant's property with her full knowledge and without objection by her, until the work was completed and payment of the cost demanded. ·

It is the primary duty of property owners along a street to lay the sidewalks and keep them in repair. It is the duty of the city to see that property owners perform this obligation and if they neglect to do so the city is liable for any injury that may result. If the property owner neglects this duty the city may do it, and if it is done with the actual knowledge of the owner and without his protest the city may recover the actual cost of the pavement or repairs in an action of assumpsit, or if the provisions of the act of 1891 are complied with, may file a municipal lien against the property with the penalty added for such neglect. In the city of Pittsburg, however, the method by which the city shall lay sidewalks where the property owner neglects to do so is regulated by ordinance, and therefore the ordinance must be strictly conformed to. The act of assembly requires that notice shall be given to the property owner. The city ordinance provides that written notice shall be given to the property owner and that twenty days after service of written notice if the property owner does not

lay the pavement the city may do so. Under the act of assembly the notice may be verbal or written ; under the ordinance it must be written. In this case the fact has been determined by the verdict of the jury that a written notice was served more than twenty days before the city commenced the work. The only question in the case is, Was this notice a sufficient notice within the terms of the ordinance to entitle the plaintiff to recover?

The notice was to " Patrick Fay's Estate, per Mrs. B. Fay." It read, " You are hereby notified to lay 5 ft. flagstone pavement in front of your lot on Hazlewood Avenue." Her husband, Patrick Fay, had been dead ten years and left no property on Hazlewood avenue. She, in her own right, owned this property. She knew when she received this notice · that it could only refer to the property to which she held the title. The obligation was hers to comply with its terms and if she refused or neglected to do so it was clearly the right of the city to proceed to collect the cost of the same by an action of assumpsit or to file a municipal lien upon the property. This view of the case disposes of the question. It can make no difference whether she knew or did not know that the sidewalks were being laid. Therefore the admission of that testimony could not affect the final determination of the case. While it is true, as we said in Pittsburg v. Daly, 5 Pa. Superior Ct. 528, the liability of the lot owner is a primary one which exists independently of the statute. The liability of the city is secondary to compel the performance by the lot owner of this duty. In Phila. v. Meighan, 159 Pa. 495, the Supreme Court affirmed the proposition that in the absence of notice the plaintiff is entitled to recover not what the cost of laying the pavement was to the city, but the amount which it would have cost the defendant to lay it. But this question is not one in controversy under the pleadings. The city rests its right to recover because of written notice according to the provisions of the ordinance. The defendant did not contend upon the trial of the case that it was not put down as cheaply as she herself could have had it done.

Judgment affirmed.