## Philadelphia, Appellant, *v.* Steward.

*Municipal liens—Scire facias—Defective sidewalk—Sewer—Act of July 26, 1897, P. L. 420.*

The Act of July 26, 1897, P. L. 420, is to be strictly construed as applying only to the particular class of claims specifically described therein. As to all kinds of municipal claims not clearly embraced within its provisions the presumption is that the legislature intended to leave in force the former law which required that the scire facias be duly prosecuted to judgment as in the case of mechanics' and judgment liens.

A municipal lien for the cost of repairing a defective sidewalk is not within the provisions of the act of July 26, 1897.

While a municipal claim need not set out the provisions of the ordinance or ordinances under which the work was done, yet the lien, being of purely statutory creation, the claim must aver upon its face all the facts necessary to sustain its validity, and unless it does so, it may be summarily stricken off on motion. To state a claim so ambiguously as to leave it in doubt whether it is for repairing a defective sidewalk, or for making a sewer connection, is not a compliance with the true intent and spirit of the rule.

Argued Oct. 5, 1904. Reargued Oct. 3, 1905. Appeal, No. 264, Oct. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1893, No. 106, M. L. D., making absolute rule to strike off scire facias in case of city of Philadelphia v. Steward, owner, etc., and John Cadwalader, registered owner. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off scire facias.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*James Alcorn*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.

*John Cadwalader, Jr.*, for appellee.

OPINION BY RICE, P. J., May 14, 1906:

The proceedings brought up for review upon this appeal were as·follows : April 13, 1893, municipal claim filed ; April 9, 1898, affidavit of service of notice filed and scire facias issued, which was returned, made known to the registered owner and nihil habet as to the owner or reputed owner named in the claim; May 18, 1898, affidavit of defense filed by the former ; February 9, 1903, scire facias to revive claim, etc., returned nihil habet; November 24, 1903, rule to show cause why the scire facias should not be quashed and the claim struck off; December 9, 1903, rule absolute, from which order this appeal was taken.

The lien of this claim was gone at the end of the period of five years from the date of issuing the first scire facias, unless the act of July 26, 1897, applies to the case : Philadelphia v. Sciple, ante, p. 64. We also held in the case cited that, in view of the legislation upon the same general subject, at the same session of the legislature, and of the omission of an express repeal of prior general or local laws, the act is to be strictly construed as applying only to the particular class of claims specifically described therein. As to all kinds of municipal claims not clearly embraced within its provisions the presumption is that the legislature intended to leave in force the former law which required that the scire facias be duly prosecuted to judgment as in the case of mechanics' and judgment liens. The claims specifically mentioned in the act are those which are based on the final assessments, made upon any property or properties to pay the costs, expenses or damages, or either of them, of any municipal improvements, whether such assessment shall have been made by the foot-front rule or according to benefits. In determining whether the claim in question belongs to that class our examination upon this appeal must be confined to the record, and, of course, the affidavit of defense cannot be considered. The claim sets forth that it is " for work done and material furnished by the said city, and charged against the property, under authority of an ordinance thereof, in repairing defective sidewalk, and duly assessed and charged as follows." Here follows an itemized statement of charges consisting of the cost of a certain number of feet of terra cotta pipe at certain prices per lineal foot; the price of a horizontal trap ; " permit, bureau surveys, $4.00 ; " " plan, board of health, $1.00 ; " and a

penalty of ten per cent of the entire claim.   The notice served prior to issuing the first scire facias stated that the claim was " for making underground sewer connection," whereas the scire facias itself stated that it was " for work done and materials furnished in repairing defective sidewalk."   This apparent discrepancy between the items of the claim and the notice served on the one hand, and the scire facias on the other, makes it difficult, to say the least, to conclude that the claim was for repairing a defective sidewalk.   While a municipal claim need not set out the provisions of the ordinance or ordinances under which the work was done, yet the lien, being of purely statutory creation, the claim must aver upon its face all the facts necessary to sustain its validity, and unless it does so, it may be summarily struck off on motion : Philadelphia v. Richards, 124 Pa. 303.   To state the claim so ambiguously as to leave it in doubt whether it is for repairing a defective sidewalk, or for making a sewer connection, or for some other work, is not a compliance with the true intent and spirit of this salutary rule. But, assuming that the claim was for repairing a sidewalk in front of defendant's premises, it is argued by his counsel that it is not the kind of a claim which the legislature had in view in the passage of the act of July 26, 1897, because it is based, not on an assessment made either according to benefits or the foot-front rule, but on a liability incurred for neglect to perform a duty imposed by the police power of the city.   The distinction between this kind of a charge and a local assessment in the nature of a tax based on special benefits accruing, or supposed to accrue, to landowners from local improvements is well recognized : Greensburg v. Young, 53 Pa. 280 ; Wilkinsburg v. Home for Aged Women, 131 Pa. 109 ; Philadelphia v. Pennsylvania Hospital, 143 Pa. 367 ; Pittsburg v. Daly, 5 Pa. Superior Ct. 528 ; Philadelphia v. Weaver, 14 Pa. Superior Ct. 293 ; Pittsburg v. Biggert, 23 Pa. Superior Ct. 540.   There is great force in the appellee's contention that the legislature had this distinction in mind in the passage of the two acts of 1897, the first relating to all municipal improvement claims, and the second to those belonging to the last mentioned class.   The question is not free from difficulty, but we are inclined to the opinion, and so hold, that this is the correct view.

The order is affirmed.