## Philadelphia to use, Appellant, *v.* Peters (No. 2).

*Municipal claim—City of Philadelphia—Registered owner—Name of owner—Scire facias.*

1. Where real estate in the city of Philadelphia is registered in the name of a particular person, and after the death of such person a municipal claim is filed against the property designating it as the "estate of" the deceased owner as "owner and registered owner," the claim is valid and is sufficiently descriptive of the land. The designation of the estate is sufficient notice to put all persons upon inquiry.

2. Where the real owner of property against which a municipal lien for paving has been filed agrees to an amicable scire facias, and enters a plea raising an issue of fact, he cannot, before such issue is decided have the claim stricken off because it had been entered against the "estate of" a former deceased owner; nor will he be entitled to have two subsequent alias writs to revive and continue the lien stricken off before the issue of fact is decided.

Argued Dec. 16, 1913. Appeal, No. 214, Oct. T., 1913, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1898, No. 64, M. L. D., discharging rule to strike off lien and quash writ of scire facias in case of City of Philadelphia to use of Dennis Mahoney to the use of the City of Philadelphia v. Estate of Margaret A.

280 PHILADELPHIA, Appellant, *v.* PETERS (NO. 2).

Statement of Facts—Opinion of the Court. [57 Pa. Superior Ct.

Peters, deceased, Owner and Registered Owner, and Jacob M. Peters, Suggested Defendant. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rules to strike off municipal liens and to quash writs of scire facias.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rules.

*Walter Biddle Saul,* with him *E. O. Michener,* for appellant.

*Henry Baur,* assistant city solicitor, with him *Michael J. Ryan,* city solicitor, for appellee.

OPINION BY PORTER, J., July 15, 1914:

This municipal claim for paving the footway and setting the curb in a street upon which the property abutted was filed April 11, 1898. The claim as filed named as owner "Estate of Margaret A. Peters, deceased, owner and registered owner." Jacob M. Peters was, on March 21, 1903, suggested of record by the use plaintiff as actual and present owner, and Peters upon the same day entered into the following written agreement with the use plaintiff, which agreement was filed of record. "It is hereby agreed between the above named plaintiff and the defendant that an amicable action of scire facias be entered in the above case with the same effect as if a writ of scire facias sur municipal claim had been duly issued; returnable the first Monday of May, 1903, and duly returned by the sheriff 'made known.' Preliminary notice of the issuing of the writ of scire facias as required by the acts of assembly in such case made and provided, is hereby expressly waived." Jacob M. Peters thereupon filed an affidavit alleging a defense upon the merits to the claim, and entered pleas

to the action, one of which was a special plea averring that the street had never been dedicated to public use and that the work was done upon private property. The issue thus arrived at in this amicable scire facias still remains pending. Alias writs of scire facias were issued to revive the claim in January, 1908, and June, 1912. The defendant, on April 16, 1913, obtained a rule to show cause why the original claim should not be stricken from the record, which rule the court on April 28, 1913, discharged. He subsequently took a rule to show cause why the writs of scire facias issued on January 10, 1908, and June 4, 1912, respectively, should not be quashed; which rule the court below after argument discharged. Jacob M. Peters thereupon took this appeal and assigns for error the refusal of the court to strike off the original claim and quash the writs of scire facias.

The appellant contends that the claim filed was fatally defective upon its face, for the reason that it designated as the owner of the lot the "Estate of Margaret A. Peters, deceased, owner and registered owner." The sufficiency of this designation of the owner of the lot has been considered in a case between these same parties, involving a claim for paving the cartway of this same street, in which an opinion has this day been filed. That case came into this court upon an appeal from the court of common pleas No. 2 of Philadelphia county, and we there held that the registered owner being dead, a claim filed against the "Estate of Margaret A. Peters, deceased, owner and reputed owner," sufficiently designated Margaret A. Peters as the person in whose name the title was registered, and that the words "Estate of," were to be treated as superfluous, this being a proceeding in rem. The purpose of the statutes requiring registration of the title of lot owners in the city of Philadelphia was fully subserved by the manner in which the claim was filed in this case. This appellant, the real owner of the lot, was made aware of the existence of the claim and in due time appeared to defend against it.

With full knowledge of the manner in which the claim had been filed he entered into a written agreement, which is part of the record in this case, that an amicable action of scire facias be entered with the same effect as if a writ of scire facias has been issued on the claim and duly served. In this amicable action he filed an affidavit of defense, and put the cause at issue, for a trial upon the merits, by entering pleas. The actual owner, who had not registered his title at the time the claim was filed as a lien of record, had thus voluntarily made himself a party to the proceeding and had unqualifiedly committed himself to a trial upon the merits. This constituted a waiver of any merely technical defect in the manner of stating the name of the registered owner in this claim. The action of the court below in refusing to strike off the original claim was free from error.

When the court below very properly refused to strike off the original claim the issue upon questions of fact, which had been reached in the proceedings under the amicable scire facias, was pending and undetermined. This was the condition of the record when the defendant moved to quash the writs of scire facias which were issued in 1908 and 1912. The refusal of the court to quash those writs did not involve the entry of any final order or judgment. The issue is still pending in the court below. Whether those writs of scire facias were effective to preserve the lien of the claim is one of the matters which can be determined after a final judgment has been entered in favor of or against this appellant. If the court below had quashed the writs and such action had put an end to the proceeding, the matter would have been proper for review by an appellate court. As the record now stands no final order has been reached in the court below, and the specifications of error which refer to the refusal of the court to quash the writs of scire facias must be quashed. The briefs of counsel, both for appellant and appellee, seem to assume that the pro-

ceedings in this case are controlled by the Act of July 26, 1897, P. L. 420, and we deem it proper here to suggest that, in some circumstances, claims for the construction or repair of sidewalks do not come within the provisions of the statute mentioned: Philadelphia v. Steward, 31 Pa. Super. Ct. 72.

The order is affirmed.