# WILKINSBURG BOR. v. HOME FOR AGED WOMEN.

131  109
138  372
131  109
143  372

131     109
23 SC  '544
131     109
31 SC   74
131     109
216    '493

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 1, 1889—Decided January 6, 1890.

[To be reported.]

1. When a borough, acting under paragraphs V. VI., of § 2, act of April 3, 1851, P. L. 320, requires a lot owner to construct a new sidewalk in the place of an old one, dangerous through dilapidation, and, on his neglect so to do, constructs the walk itself and proceeds to collect the expense, etc., from him, this is an exercise of the borough's police power, not of a power to tax.

2. Wherefore, a provision in the charter of a charitable institution, that all its estates and property shall be free from taxation, does not exempt the real estate of the institution from liability for a municipal claim, duly filed, for the cost of constructing such new sidewalk, together with twenty per cent advance thereon: Olive Cem. Co. v. Phila., 93 Pa. 129, distinguished.

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 164 October Term 1889, Sup. Ct.; court below, No. 400 July Term 1889, C. P. No. 2.

On June 11, 1889, an amicable action of scire facias upon a municipal claim filed to No. 556 January Term 1889, by the borough of Wilkinsburg, plaintiff, against the Home for Aged Protestant Women, defendant, was entered in the court below, in pursuance of an agreement filed stating the following case for the opinion of the court:

The borough of Wilkinsburg was incorporated on the —— day of October, 1887, under the general borough laws of the state. The Home for Aged Protestant Women was incorporated by act of general assembly, approved March 25, 1871, P. L. 452, the last section of which is as follows:

" Section 4. All the estates and property of the corporation hereby created shall be free from taxation."

The defendant is the owner of certain real estate situate within the limits of said borough, plaintiff, bounded and described as follows: . . . . containing about five acres.

The footwalk adjoining said land on Coal street was in such a state of decay that it was dangerous to the life and limbs of persons passing over the same, and it was necessary, for the safety of pedestrians passing along the said street, that a new footwalk be substituted; and accordingly the plaintiff, by resolution duly passed by its council, September 4, 1888, required the defendant to construct and lay a new footwalk along and in front of its property on Coal street, in the place occupied by the said old walk, in accordance with the ordinances and general regulations of the said plaintiff, of which said resolution the said defendant had due notice.

The said defendant neglected and refused to lay and construct a footwalk as required by the resolution and notice of

said plaintiff, whereupon the said plaintiff duly advertised for proposals for the construction of said footwalk, and received a number of bids for the said walk, and, after consideration of the same, the lowest bidder was allotted the work; said lowest bid being for the sum of $291. Said footwalk was constructed by said lowest bidder, as required by the ordinances and general regulations of said plaintiff, and in accordance with the resolution and notice aforesaid. Within the time required by law, the plaintiff filed its claim against said described real estate to recover the value of said work and labor and the material used in the construction of said footwalk, together with twenty per centum advance thereon.

The Home for Aged Protestant Women, defendant, was founded, endowed and incorporated, and is maintained by public and private charity, for the purpose of providing a home free of charge for aged Protestant women of this community over sixty years of age who may be without near relatives and without the means of supporting themselves. It is under the supervision of the State Board of Charities.

The land above described, against which it is sought to enforce the claim for the construction of the footwalk, was given to the institution for the purposes thereof by James Kelly, now deceased. The buildings, originally erected thereon by the defendant, in the year 1871, at a cost of about $25,000, were paid for out of money donated for that purpose; a large part of it was bequeathed by James M'Auley, and about $8,000 were the proceeds of a public bazaar, held in old City Hall in 1870.

The premises and grounds are occupied solely for the purposes of the corporation, as a home for the inmates and a place of meeting for the managers. The said grounds are annexed to the institution and are necessary for the occupancy and enjoyment of the same, and no profit or revenue is derived from any part thereof.

The institution is supported by public and private charity, annual subscriptions and occasional donations, and the interest on the endowment fund, which is formed of bequests made from time to time. The whole of the income of the defendant corporation is applied to charitable purposes in the support and maintenance of the home, in the payment of the wages of

the employees necessary in caring for the inmates, and in payment of the funeral expenses of those who die.

Each applicant for admission, on being received as an inmate, pays, when practicable, a fee of $200. The payment of these fees has been established for the purpose of having, to a certain extent, a guarantee of the respectability and good behavior of the inmates, and that the latter may not feel themselves to be paupers. The rules of the board of trustees provide that this payment may be remitted in proper cases. The fees, in the aggregate, bear a very insignificant ratio to the expenses of the institution. The average number per annum who have been supported, cared for and nursed, free of charge, as inmates of the home, during the past ten years, is fifty-three.

The average yearly expenditure during the past ten years, for the maintenance and support of the inmates and current expenses of the institution, has been $10,000. One tenth or one twelfth of this annual sum has been paid from admission fees, and the remainder from public and private contributions and the interest on the endowment fund.

The corporation has no capital stock and no member or manager thereof receives any salary or compensation for her services, or derives any pecuniary profit or advantage therefrom.

Now, therefore, if the court shall be of opinion that under the defendant's charter, the laws of this commonwealth and the facts set forth in the case stated, the law is with the plaintiff, and the said claim is a lien against said premises, then judgment to be entered for the plaintiff for the sum of $291, with legal interest from December 10, 1888, together with twenty per centum advance thereon; but if not, then judgment to be entered for the defendant; the costs to follow the judgment, and either party to have the right to sue out a writ of error therein.

The court after argument entered judgment upon the case stated for the plaintiff, WHITE, J., filing the following opinion:

Under the borough act of 1851, the burgess and council may require property owners to keep the footwalk or pavement in front of their property, in good and safe condition for foot pas-

sengers, and in default, after notice, the borough may cause it
to be done, and collect the amount of expense, with twenty
per cent penalty, from the owner. While this police regulation
is based on the taxing power, it is in no sense a tax. It is al-
together different from an assessment for opening or paving
streets, or construction of sewers, etc.

The footwalk in front of defendant's property, by the case
stated, " was in such a state of decay, that it was dangerous to
the life and limbs of persons passing over the same, and it was
necessary for the safety of pedestrians passing along the said
street, that a new footwalk be substituted." In pursuance of
the general borough ordinance, notice was given the defend-
ants, requiring them to construct a new footwalk, which they
neglected to do, and the borough then caused it to be con-
structed, this suit being for the amount of expense and penalty.

The . fourth section of the charter of defendants, act of
March 25, 1871, says: " All the estates and properties of the
corporation hereby created, shall be free from taxation." No
doubt, this section exempts the property from all taxes proper,
and also from municipal assessments of a general character,
which stand on the footing of taxes. But under the powers
given in the act to boroughs, they have right to require pro-
perty holders to keep the footwalks in front of their property
in a safe condition for passing pedestrians. This is among the
enumerated police powers of the borough. This footwalk was
not in such condition ; it was " dangerous to the life and limbs
of persons passing over it." After notice and demand to re-
pair it, and neglect or refusal so to do, the borough, in pursu-
ance of express authority given in the act, constructed the
footwalk, and now seeks to recover the amount, with the pen-
alty also expressly authorized by the act. We think this does
not come within the letter or spirit of the exemption clause in
defendant's charter, and they are liable. The power to pave a
footwalk and charge the owner, includes the power to re-pave
when it becomes necessary : Smith v. Kingston Bor., 120 Pa.
357.

And now, June 29, 1889, after argument on the case stated,
and consideration thereof, the court is of opinion that the law
is with plaintiff and judgment is entered for plaintiff in the

sum of $291, with interest thereon from December 10, 1888, and 20 per cent advance thereon.

Thereupon the defendant took this appeal, specifying that the court erred: 1–2. In entering judgment for the plaintiff on the case stated. 3. In not entering judgment thereon for the defendant.

*Mr. George C. Burgwin* (with him *Mr. Hill Burgwin*), for the appellant:

The opinion of the court below concedes that the defendant, under its charter, is exempt from taxation and from liability for municipal assessments of a general character, which stand on the footing of taxes, and implies that if this were the case of a footwalk constructed where one had not before existed, there would have been no liability on the defendant's part to pay therefor.

1. We contend that the power to pave, conferred upon boroughs, by paragraph V., § 2, act of April 3, 1851, P. L. 320, does not include the power to re-pave ; but if this question be considered settled by Smith v. Kingston Bor., 120 Pa. 357, it must also be considered as settled that the whole authority of the borough to construct a new sidewalk at the cost of the property owner, can be sustained only on the principle that this is a species of local taxation for local benefit, and is derived from paragraphs V., VI., § 2, of the act of 1851 : Olive Cemetery Co. v. Philadelphia, 93 Pa. 129 ; Erie v. First U. Church, 105 Pa. 278; Washington Avenue, 69 Pa. 358 ; In re Centre Street, 115 Pa. 247 ; Michener v. Philadelphia, 118 Pa. 535. The re-paving of a street and assessing the cost upon the property benefited, " involves a principle of taxation : " Prot. Orphan Asylum's App., 111 Pa. 143.

2. The court below, however, holds that because the foot-walk which had previously been constructed along the defendant's property was out of repair, the laying of a new footwalk and compelling the defendant to pay therefor was an exercise of the police power and not of the taxing power. But in Wistar v. Philadelphia, 80 Pa. 505, an ordinance requiring owners to re-set the curbs in front of their properties, and providing that on their refusal the same proceedings should be had as in

the case of neglect by owners to pave footways, was characterized as an exercise of the power to tax. The fact that the old walk had become dangerous and the substitution of a new one was necessary on that account, cannot change the basis of liability. A claim under clause XIII., § 2, of the act of 1851, which is almost identical in its language with clause VI., relating to footwalks, is a tax: Harvey v. South Chester Bor., 99 Pa. 565.

*Mr. James Balph* (with him *Mr. R. A. Balph*), for the appellee:

1. This is in no sense a tax; it is a personal duty cast upon the lotowner, because of the benefit the construction and repair of a sidewalk is to him. The distinction between the roadway and the sidewalk, and the obligation of the lotowner respecting the latter, have been recognized and enforced in the earliest legislation on the subject and in numerous decisions: Greensburg Bor. v. Young, 53 Pa. 283. This obligation is further recognized and enforced, in cases where the owner or lessee has been held liable for injuries arising from the want of repairs on sidewalks: Bears v. Ambler, 9 Pa. 193; Brown v. Weaver, 17 W. N. 230; Dickson v. Hollister, 123 Pa. 421. Could the defendant claim exemption from liability for such injuries, under a clause in its charter exempting it from taxation? These cases proceed upon the theory of a duty in the lot owner to keep the sidewalk in safe condition. Moreover, the sidewalk is regarded practically as a part of the house fronting on it: Prot. Orphan Asylum's App., 111 Pa. 143. The mechanics' lien law proceeds on this theory: § 10, act of June 16, 1836, P. L. 696.

2. The regulation of highways by the state or municipal authorities is an exercise of the police power: Phillips v. Commonwealth, 44 Pa. 199; Pittsb. etc. R. Co. v. Railway Co., 77 Pa. 173; Penna. R. Co. v. Riblet, 66 Pa. 164; Kirby v. Railroad Co., 76 Pa. 506; Beer Co. v. Massachusetts, 9 U. S. 25. On reading § 2 of the act of April 3, 1851, P. L. 320, it will clearly appear that paragraphs II. to XXIII., inclusive, are grants of police power, and paragraphs XXIV. to XXVI., inclusive, are grants of the taxing power. The latter, with the act of May 15, 1889, P. L. 220, in reference to sewers and

Opinion of the Court.

roadways, are the only delegation of the taxing power the borough has. The obligation imposed upon lotowners to construct and repair sidewalks is a police regulation, and not the exercise of the taxing power: Cooley on Taxation, 396, 398; Goddard, Petitioner, 16 Pick. 507. The grant of powers to the borough respecting the removal of nuisances, is without doubt a police regulation. What distinction is there between such removal and the repair of a sidewalk so decayed as to be dangerous?

3. Neither the act of March 25, 1871, P. L. 452, incorporating the defendant, nor the act of May 14, 1874, P. L. 158, exempting charitable institutions from taxation, repeals the provisions of the borough act of 1851 respecting the laying of sidewalks in boroughs. There are no repealing clauses, nor is a repeal produced by necessary implication. The use of the terms "taxation" in the defendant's charter, and "borough tax" in the act of 1874, means that the defendant shall be exempt from such taxes as the borough is empowered to levy and collect. A tax is an impost for the support of government: Pray v. Northern Liberties, 31 Pa. 69. No tax can be levied by the borough for the laying of sidewalks. The only way they can be laid is by the lotowners. The collection of the cost of them by the borough, when the lotowners refuse to lay them, is but incidental to the duty of the owners to construct them. An exemption from borough taxes cannot relieve from that duty.

OPINION, Mr. CHIEF JUSTICE PAXSON:

The fourth section of the charter of the defendant says: "All the estates and properties of the corporation hereby created, shall be free from taxation:" Act 25th March, 1871, P. L. 452.

It appears from the case stated that the defendant owns certain real estate in the borough of Wilkinsburg; that the footwalk adjoining said land on Coal street was in such a state of decay as to be dangerous; that the borough council, by resolution, directed the defendant to lay a new footwalk in front of its said property in accordance with the ordinances and general regulations of said borough, of which resolution the defendant had due notice; that the defendant neglected and refused to construct said footwalk, whereupon the borough proceeded to

do so, and within the time required by law filed its claim against said property for the amount of work and material used in its construction, together with twenty per centum advance thereon.

It is conceded that this home is a charity, and that under the borough act of 1851 the burgess and council may require property owners to keep the footwalk or pavement in front of their property in good and safe condition for foot-passengers, and in default, after notice, the borough may cause it to be done, and collect the amount of expense, with twenty per centum penalty, from the owner. The precise question before us is, whether the defendant is exempt from this burden by reason of the clause in its charter above referred to. If the charge for laying this footwalk is a tax or a municipal assessment in the nature of a tax, we are of opinion the borough cannot recover. This principle was expressly ruled in Olive Cemetery Co. v. Philadelphia, 93 Pa. 129. In that case the company was exempted by its charter "from taxation except for state purposes." A sewer was constructed on a street along the line of which were a number of burial lots, and an assessment was charged against said lots to defray, in part, the cost of the sewer. This was held by this court to be a species of local taxation, and within the exemption clause of the charter.

The defendant contends that this footwalk comes within the reason of the case cited, and that the charge for its construction is also a species of local taxation. We think there is a marked distinction between the two cases. In the case of borough footwalks, the owners of property are required by law to keep their footways in repair, and if necessary, re-lay them. This is a duty imposed directly upon the property owner, and is in the nature of a police regulation. It is no more a tax, or a municipal assessment in the nature of a tax, than would be the imposition of any other duty by virtue of the police powers of the borough, with a penalty for its violation. This footway was a public nuisance, dangerous in its character; and the fact that the defendant is a charity, and exempt from taxation, does not authorize it to maintain a nuisance. It could be required to abate it precisely as in the case of any other corporation or individual. In the cemetery case, there was no police or other duty cast upon the company. It was not required to build the

sewer. It was constructed by the city under its power for that purpose, and the cost thereof charged to the property owners in pursuance of a recognized system of municipal assessments. Such assessments have been repeatedly held to be a species of taxation.

We regret, for the sake of this deserving charity, that we are unable to reach a different conclusion. The law is too plain, however, to admit of even a doubt.

Judgment affirmed.