## The City of Chester *v.* The First National Bank of Chester, Appellant.

*Municipal law—Defective sidewalk—Owner's liability for damages re-
covered against the municipality.*

Whenever the abutting owner is by law bound to keep the highway in
repair, he is liable for an injury caused by his negligence and the munic-
ipality, if subjected to action by reason of such negligence, has recourse
over to him.

*Statutory implications.*

A penalty for doing an act implies a prohibition of the act, though the
statute contains no words of prohibition. In like manner a penalty for the
nonperformance of an act implies the duty of performance, though this be
not directly commanded, since otherwise there is no ground for the penalty.

Argued Nov. 21, 1898. Appeal, No. 218, Oct. T., 1897, by
defendant, from judgment of C. P. Delaware Co., Dec. T., 1897,
No. 107, on verdict for plaintiff. Before RICE, P. J., ORLADY,
SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass. Before CLAYTON, P. J.

It appears from the evidence that defendant was the owner
of a vacant lot of ground in the borough of South Chester, the
eastern part of it being in the city of Chester. Some time be-

fore or after the commencement of the defendant's ownership the sidewalk became out of repair by the removal of some of the bricks, and on May 16, 1896, a pedestrian, Margaret Lee, was injured by reason of the sidewalk being out of repair. It does not appear that notice was ever given to the defendant by the city authorities or by any one that the pavement was out of repair. Suit was brought by Margaret Lee against the city of Chester and she recovered a verdict. Suit was brought by plaintiff, the city of Chester, against defendant to recover from the defendant the amount of this verdict, with interest and costs. A verdict was rendered against the defendant subject to a point of law reserved, said point and answer being as follows:

There is no liability in this case from the defendant to the plaintiff, except only such liability as may appear from a duty resting upon the defendant to repair the pavement by force of a requirement resting upon statute or municipal ordinance; and none such having been shown in this case, the verdict should be for the defendant. *Answer:* This point is reserved.

The court below entered judgment on the verdict in favor of plaintiff, and against defendant and dismissed defendant's motion for judgment in favor of defendant non obstante veredicto.

Verdict and judgment for plaintiff for $331.50. Defendant appealed.

*Error assigned* among others was in dismissing motion of defendant for judgment in favor of defendant non obstante veredicto.

*W. B. Broomall*, for appellant.—The corporate powers of the city are defined by the Acts of April 6, 1850, P. L. 346, April 3, 1867, P. L. 708, and May 23, 1889, P. L. 289, which require notice to the property owners before the obligation to repair commences.

The municipal law relating to the case in hand is to be found in the ordinance of February 10, 1891.

Against the foregoing the appellee cites a resolution of the city council of May 1, 1867, in the following words: " Resolution relating to the pavements and setting the curbstones. Resolved by the Council of the City of Chester that property owners

be and they are hereby required to grade, set the curbstones and repair the pavements in front of their properties to agree with the grades given by D. H. Shedaker, the City Surveyor, at their own expense."

The city authorities were powerless to require the duty of repairing sidewalks without notice, as will be seen by reference to the legislation existing at that time hereinbefore recited.

The resolution of May 1, 1867, is in direct conflict with the Act of April 3, 1867, sec. 30, P. L. 708.

*A. A. Cochran,* for appellee.—The plaintiff contends that without any ordinance upon the subject the defendant would be liable in this action : Brookville Borough v. Arthurs, 152 Pa. 334.

On the question of notice to the property owner, attention is called to the case of Dickson v. Hollister, 123 Pa. 421.

The liability of municipalities for injuries caused by defective streets is not because of its breach of duty in failing to do the work, but because it has failed to compel the owner to do it : Lohr v. Phillipsburg Borough, 156 Pa. 246.

OPINION BY SMITH, J., February 17, 1899:

While walking along the sidewalk, fronting the defendant's vacant lot in the city of Chester, a woman was injured by reason of the walk being out of repair. For this injury she recovered damages in an action against the city. The present action was then brought by the city against the lot owner to recover the amount thus paid, and a verdict was directed for the plaintiff, subject to a reserved question raised by the defendant's first point. The question was as follows : "There is no liability in this case from the defendant to the plaintiff, except only such liability as may appear from a duty resting upon the defendant to repair the pavement by force of a requirement resting upon statute or municipal ordinance ; and none such having been shown in this case, the verdict should be for the defendant." The court subsequently entered judgment for the plaintiff on the reserved question, and this is assigned for error. By the reservation the case was made to turn on the question whether a duty to repair rested on the defendant.

In Grier v. Sampson, 27 Pa. 183, it was said by WOOD-

WARD, J.: "That the owner of real estate lying along a public street or highway, is bound to keep it in such repair as to make it safe to passersby, and is liable in damages for injury resulting from his neglect to perform this duty, is a proposition unquestioned by the thirteen errors assigned upon this record." This proposition was there stated with reference to the facts of that case. If too broad to be uniformly applicable, it is at least beyond question that, whenever the abutting owner is by law bound to keep the highway in repair, he is liable for an injury caused by his negligence; and that the municipality, if subjected to action by reason of such negligence, has recourse over to him : Brookville Borough v. Arthurs, 152 Pa. 334. Property owners are bound by the ordinances enacted for the benefit and welfare of the inhabitants of the municipality and they must accept the burdens with the benefits. The general power of a municipality to require the owner of abutting property to pave and if necessary repair a sidewalk at his own expense has often been decided: Smith v. Borough, 120 Pa. 357 ; Borough v. Home for Aged, 131 Pa. 109 ; Brookville Borough v. Arthurs, supra. This power is conceded in the present case. The position of the appellant is that this duty has not been lawfully imposed and therefore no neglect of duty is shown and no liability established.

By act of April 6, 1850, the borough of Chester was incorporated, and under the act of February 14, 1866, this borough was organized as the city of Chester. The municipality afterward became a city of the third class, having duly accepted the act of May 23, 1889. Section 25 of the act of April 6, 1850, provides: "If the owner . . . . of any ground fronting on a footway wholly or partially paved and curbed shall suffer the said curbing and paving to be out of repair and shall neglect for the space of twenty days after he shall have been required . . . . to put the same in good repair, then it shall be lawful for the proper officers to recurb and repair such footway," and recover the expense from the owner. By act of April 3, 1867, section 29, it is provided: "That in case of refusal or neglect by any owners of property in the city of Chester to repair the pavement, curbstone or sidewalk in front of their respective properties for the space of three days after notice," the repairs may be made by the city and the expense collected from the owners. These statutes are still in force as part of the charter

of the city of Chester, and show, by implication at least, a duty imposed upon the owners of property fronting on footways or sidewalks, to construct, maintain and repair such walks. It is an established principle of construction that " What is implied in a statute, pleading, contract, or will, is as much a part of it as what is expressed : " U. S. v. Babbit, 66 U. S. 55. It is also a well established principle that a penalty for doing an act implies a prohibition of the act, though the statute contains no words of prohibition : Mitchell v. Smith, 1 Binney, 110. In like manner a penalty for the nonperformance of an act implies the duty of performance, though this be not directly commanded, since otherwise there is no ground for the penalty. Applying these principles to the foregoing statutes it is quite clear that the duty to repair sidewalks, and the liability for its neglect, are lawfully charged upon the owners of abutting property.

This construction of the sections quoted is not qualified or affected by the additional provisions contained therein for enforcing liability. They relate to the same subject and were properly included in the same sections, but the duty to repair does not depend on measures for its enforcement. The remedy by lien and for collecting the expense of the repairs are separate and independent of the liability and duty imposed. These may or may not be pursued, as the circumstances may require, and are resorted to only when it is necessary to secure or to collect the expense from the lot owner. As this expense is not involved in the present case it is immaterial whether the statutory remedy for its collection has been duly observed or not. The duty to repair existing, failure to perform it is a breach for which an action may be maintained. That municipalities may recover over from those who are primarily liable for injuries caused by their neglect to maintain sidewalks has been decided so often by the Supreme Court that it is familiar law.

The judgment is affirmed.