## Sessa v. Rozzi, Appellant.

*Landlord and tenant—Injuries from defect in premises—Notice—Caveat emptor.*

In the absence of fraud or concealment, a landlord is not re-

sponsible to a tenant for injuries resulting from defects existing at the time of the demise. The rule of caveat emptor applies in full force and the tenant and his family are bound to use their eyes to discover such defects as are open to observation or inspection. This rule applies to a visible defect in a part of the means of egress from and ingress to the premises demised, and distinctively a part of them.

*Practice—Appeals—Suit by husband and wife—Single judgment —Act of May 8, 1895, P. L. 54, Sec. 2.*

Where a husband and wife are joined in one action and a single judgment is entered on separate verdicts in their favor, and it appears on appeal that neither husband nor wife is entitled to recover, the appellate court in reversing the judgment will remit the record to the court below with directions to amend its record and enter separate judgments n. o. v. for defendant.

Argued Oct. 2, 1917. Appeal, No. 27, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., April T., 1915, No. 311, on verdicts for plaintiffs in case of Joseph Sessa and Guiseppina Sessa v. Christinziano Rozzi. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CRANE, J.

At the trial it appeared that on October 10, 1914, Guiseppina Sessa, one of the plaintiffs, was injured in the manner described in the opinion of the Superior Court.

The jury returned a verdict for Joseph Sessa for $100 and a separate verdict for Guiseppina Sessa for $200. The court refused a motion for judgment n. o. v. for defendant. One judgment was entered on the two verdicts.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Henry J. Scott,* for appellant.—A tenant can maintain no action for injuries resulting from defects that were

obvious at the time the premises were leased, nor can one who occupies the premises by reason of the tenant's request or permission: Robinson v. Heverin, 50 Pa. Superior Ct. 546.

*John J. Elcock,* for appellees, cited: Bloomer v. Snellenburg, 221 Pa. 25; Lewin v. Pauli, 19 Pa. Superior Ct. 447; Polenske v. Lit, 18 Pa. Superior Ct. 474.

OPINION BY WILLIAMS, J., March 2, 1918:

This was an action by a husband and wife against their landlord.

October 5, 1914, plaintiffs leased two rooms on the third floor of defendant's house, and had lived in the premises five days when an accident occurred. A door led from their back room to a platform, used in common with other occupants for drying clothes. This was constructed of boards laid upon joists resting upon the gravel roof of the rear second story of the building. On the platform was a plank, in front of plaintiffs' door, used as a step, with a space about three inches wide between it and the wall of the house. The wife testified that as she was going out after her child her foot went into the space between this step and the wall and she tripped and fell into a skylight some eighteen inches distant.

The jury rendered a verdict for each of the plaintiffs. Defendant's motion for judgment having been refused, he appealed, and, admitting as he must upon this state of the record that there was a defect in the step leading to the platform, he contends that a landlord is not liable unless he is guilty of misrepresentation, active concealment, or the defect is of such a nature that it could not be discovered by inspection.

In Robinson v. Heverin, 50 Pa. Superior Ct. 546, the defect complained of was a loose tread in the middle step leading from the sidewalk into the house. The step was outside the door of the demised premises, and was

used by the tenant, his family and friends, for ingress and egress. We held under the facts that the landlord was not liable.

It nowhere appears in the record that defendant covenanted to keep the step in repair, nor did he warrant that it was in a safe condition when the premises were leased. In the absence of fraud or concealment a landlord is not responsible for injuries resulting from defects existing at the time of the demise: 16 Ruling Case Law, p. 1059; Borggard v. Gale, 205 Ill. 511. The rule of caveat emptor applies in full force and the tenant and his family are bound to use their eyes to discover such defects as are open to observation or inspection: 24 Cyc. 1114. It is true that the defect complained of was in the original construction, but this only affects the liability of the landlord to a stranger: Kane v. Lauer, 52 Pa. Superior Ct. 467. The plaintiffs had notice of the defect, or could have had, and while it was such as might have made defendant liable to a stranger, as to them no liability could arise under the facts. The defect was in a part of the means of egress from, and ingress to, plaintiffs' rooms, and was distinctively a part of the premises demised. It was the proximate cause of the accident and the responsibility must rest upon them.

The Act of May 8, 1895, P. L. 54, Sec. 2, provides "if both (husband and wife) join in one suit, separate verdicts shall be rendered, one verdict determining the right of the wife and the other verdict determining the right of the husband, and separate judgments shall be entered thereon with the right to separate executions." The record discloses a single judgment erroneously entered upon two verdicts. We are, therefore, unable to determine whether the judgment appealed from was entered upon the verdict for the husband or that in favor of the wife.

The judgment is reversed and the record remitted to the court below with direction to amend its record and enter separate judgments n. o. v. for defendant.