Briggs et al. *v.* City of Philadelphia et al., Appellant.

Argued October 11, 1933.

Before
Trexler, P. J., Keller, Cunningham, Baldrige,

STADTFELD, PARKER and JAMES, JJ.

*Israel K. Levy,* and with him *John J. K. Caskie* and *Harry S. Platowsky,* Assistant City Solicitors and *David J. Smyth,* City Solicitor, for appellant.

*Frank J. Eustace, Jr.,* of *Wilson & McAdams,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1934:

On August 15, 1928, at 7:30 o'clock in the evening, Helen Briggs, seven years of age, while running in a game of hide-and-go-seek, caught her foot in a hole in the sidewalk, fell over against a lamp post, and was injured. The accident occurred in front of her home, 5223 Morris Street, in the City of Philadelphia. An action in trespass was instituted by Helen Briggs, by her next friend and father, Harry Briggs, and her parents, Harry Briggs and Marion Briggs, in their own rights, against the City of Philadelphia. The original defendant issued two writs of scire facias to join, as additional defendants, Harry Briggs, as the lessee of the property, and the Germantown Trust

Company, as owner. The jury rendered a verdict in favor of the minor plaintiff, Helen Briggs, against the City of Philadelphia, in the sum of $1,200, and by direction of the court, the jury returned a verdict in favor of the City of Philadelphia against Harry Briggs, the tenant, in the sum of $1,200. As the lease contained an express covenant that the tenant should keep and maintain the property in good order and repair, the court further directed that the jury return a verdict in favor of the Germantown Trust Company and against the City of Philadelphia. These two appeals by the city followed. The cases were argued together and will be disposed of in one opinion.

There is no dispute as to the city's neglect, the child's freedom from contributory negligence, or the amount of the verdict.

The first question for consideration is, Can a minor child recover damages from a municipality for personal injuries sustained by reason of a defect in the sidewalk of a property occupied by her father as tenant, and with whom she was living at the time of the accident? Neither counsel's research nor our own has been rewarded in finding a case squarely decisive of this question.

The city contends that the minor plaintiff is not entitled to recover as her rights are no greater than the rights of her father as tenant, who owned a primary duty to keep the sidewalk in repair, and as he can not recover from one secondarily liable, the city is not responsible to her. The legal status of the minor is different from that of the father as tenant. She had no legal obligation to repair the sidewalk, nor was there an implied or express contractual relation between her and the city or the owner. She, in her play, was using the pavement as a member of the public, and the city owed the same duty to her as to any other person to keep the sidewalk in safe condition. It was not relieved of this independent duty by the

failure of the tenant or the owner to repair the defect. It was for this neglect that this suit was brought.

It was expressly ruled in Bucher v. Sunbury Boro., 216 Pa. 89, 95, 64 A. 906, that if a municipality fails in performance of its duty to keep pavements in a reasonably safe condition for public use, it is liable in damages, and its responsibility is not affected by the question of nonliability of an abutting owner. It was there said: "The right of the appellee to recover in this case is not dependent upon the question of the primary or secondary liability of the borough." See, also, Brookville Boro. v. Arthurs, 130 Pa. 501, 18 A. 1076.

Our attention is directed by the appellant to Robinson v. Heverin, 50 Pa. Superior Ct. 546; Sessa v. Rozzi, 68 Pa. Superior Ct. 593; Thompson et ux. v. Refowich, 85 Pa. Superior Ct. 248; and Levin v. Phila., 277 Pa. 560, 121 A. 331, in support of the contention that the minor child living with its parents is in no better situation than a parent, as she is a member of his family, occupying the house by virtue of his lease. In all those cases the injury was sustained, not on the sidewalk but on the demised premises, and they were decided under the rule that in the absence of an express covenant or condition in the lease, there is no implied covenant on the landlord to put the premises in repair or to keep them so. This rule is inapplicable in the case at bar as the minor plaintiff was injured, not on the demised premises but on the public sidewalk. The fact that the injury occurred in front of her home, when she was engaged in play with another child who lived in the neighborhood, did not relieve the city, primarily liable to one using the sidewalk, of its own neglect. We said in City of Butler v. W. U. Tel. Co., 93 Pa. Superior Ct. 533, 538: "No possessory interest in the sidewalk was or could be conferred on the tenant by the owner because the sidewalk is part of the street, though set aside for pedestrians."

The next position of the appellant is that the unemancipated minor may not sue a parent for personal injuries arising out of the negligence of the parent, nor may a recovery be had against the city, as it has a right of indemnity against the father for any recovery; otherwise, the minor would be permitted to do indirectly what could not be done directly. This action is not brought against the parent, but against the defendant city. The issuance of the scire facias to bring in additional defendants did not change the right of the minor plaintiff; her action proceeded against the original defendant only, "exactly as it would have done if additional defendants had not been named": Vinnacombe et ux. v. Phila. & Am. S., 297 Pa. 564, 569, 147 A. 826. She did not and could not obtain in this action a recovery against her father. In so far as she was concerned, the only issue involved in this action was whether there was a liability on the part of the city to her, and that issue was not extended by introducing additional defendants.

There never has been a common law rule that a child could not sue its parent. But, there is substantial decisional authority that it is not permitted, on the theory that it is disruptive of the family peace, destructive of the enforcement of discipline, and, therefore, against public policy. We recognize the wisdom of these rulings as the state and society are vitally interested in the integrity of, and harmony in, the family. In support of this doctrine, see Foley v. Foley, 61 Ill. App. 577; McKelvey v. McKelvey, 111 Tenn. 388, 77 S. W. 664; Roller v. Roller, 37 Wash. 242, 79 Pac. 788; Smith v. Smith, 81 Ind. App. 566, 142 N. E. 128; Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763; Matarese v. Matarese, 47 R. I. 131, 131 A. 198; Wick v. Wick, 192 Wis. 260, 212 N. W. 787; Sorentino v. Sorentino, 248 N. Y. 626, 162 N. E. 551; Damiano v. Damiano, 6 N. J. Misc. Rep. 849, 143 A. 3. A very

full discussion of this question is had in Dunlap v. Dunlap (N. H.), 150 A. 905.

Nor may the parent's negligence be imputed to the child. In Schubert v. Schubert Wagon Co. (N. Y.), 164 N. E. 42, which was an action by a wife against her husband, it was held that the wife could not recover. Chief Justice CARDOZO, in the course of his opinion, said: "The disability of wife or husband to maintain an action against the other for injuries to the person is not a disability to maintain a like action against the other's principal or master ...... A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act, though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity." In Poulin v. Graham (Vt.), 147 A. 698, the plaintiff was injured while riding with her husband in a truck which he was driving for the defendant who employed him. The court held that while the plaintiff could not sue her husband, she was not foreclosed from recovering against her husband's master. True, those cases involve the right of a wife to maintain an action against her husband for personal injuries, but the principle is similar to that involved in this case. So, here, while the minor may not sue her father, she is not barred from suing another who is liable. It is stated in 45 C. J. 1022, §576, that "while a different rule obtains in some jurisdictions with respect to children too young to exercise any self-reliant care for their own safety ...... it is generally held that the negligence of a parent which concurs with that of a third person in causing injury to a child is not imputed to the child." See, also, Ploof v. Burlington Tr. Co. (Vt.), 41 A. 1017. This principle has been upheld in our own state in Smith v. O'Connor, 48 Pa. 218; Erie Pass. Ry. Co. v. Schuster, 113 Pa. 412, 416, 6 A. 269; Ward v. Southern Pa. Traction Co., 80 Pa. Superior Ct. 394. In the Schuster case, Mr. Justice

TRUNKEY also recognized a conflict of decisions in the different states, but stated that in Pennsylvania infants are entitled to recover compensation for injuries "caused by the negligence of others, and no action has failed because of the negligence of the parent or guardian being imputed to the child;" and cited with approval Glassy v. Rwy. Co., 57, Pa. 172, where it was held that a father could not recover for an injury to his son of tender years, caused in part by his own imprudence, though the infant may.

There remains for our consideration the action of the court in directing a verdict for the Germantown Trust Company. The lease in question provided as follows: "...... for the term of one month from the eighteenth day of June A. D., one thousand nine hundred and twenty-four (1924) at the rent of nineteen ($19) dollars per month to be paid on the eighteenth day of each month in advance ..... And it is hereby mutually agreed, that either party hereto may determine this lease at the end of the said term by giving the other notice thereof, at least thirty days prior thereto, but in default of such notice this lease shall continue upon the same terms and conditions as are herein contained for a further period of one month and so on from month to month unless or until terminated by either party hereto giving to the other thirty days notice for removal previous to the expiration of the then current term."

The city maintains that the lease created a series of monthly renewal terms and that the property was demised to the tenant with a defect in the sidewalk, existent at the beginning of one of these renewals; that, therefore, the owner was responsible for the injury to the minor plaintiff, and was primarily liable for its delinquency. Furthermore, it contends that the owner is not relieved of its liability to indemnify the city by the covenant in the lease, by which the tenant agrees to maintain the premises in good repair: Kane

v. Lauer, 52 Pa. Superior Ct. 467, 470; Clifford v. City of Phila., 104 Pa. Superior Ct. 338, 343, 159 A. 232; Levin v. Phila., 277 Pa. 560, 565, 121 A. 331; Bruder v. Phila. et al., 302 Pa. 378, 384, 153 A. 725; Mitchell v. Sinn, Inc., 308 Pa. 1, 4, 161 A. 538.

In our opinion, the lease created a continuing tenancy and not a new letting at the beginning of each month. We, therefore, concur with the court below in holding that "the tenant having remained in possession under the lease after the first month, each subsequent month is considered a continuance of the original lease: 35 C. J. 1038." See, also, Williams' Pennsylvania Law on Landlord and Tenant, §78. The cases of Cunningham v. Rogers, 225 Pa. 132, 135, 73 A. 1094; McLaughlin v. Kelly, 230 Pa. 251, 79 A. 552; and Aaron v. Woodcock, 283 Pa. 33, 128 A. 665, cited by the appellant on this question, involved leases covering long terms—periods of years. They are readily distinguished from the present lease, which clearly indicates an occupancy of the premises for more than a month.

In our judgment, however, the trial judge committed error in rejecting an offer of proof that the Germantown Trust Company had been notified of the defective condition of the sidewalk from two to two and a half months prior to the accident, by verbal notification to a clerk and by letter sent by Mrs. Briggs, to establish the actual knowledge of the defective sidewalk by the owner. While the offer to prove oral notice was not as definite as is desirable if it could have been shown that a letter giving notice of the nuisance was actually sent and received, this would have been sufficient. We think that an opportunity should have been given to prove this all important evidence.

The City of Philadelphia passed an ordinance May 3, 1855, §1, 141, providing as follows: "The footways of all public streets and highways, and the cartways

and footways of all private streets, shall be graded, paved and curbed and kept in repair, at the expense of the owners of ground fronting thereon." The Act of May 16, 1891, P. L. 75, §11 (53 PS §771), provides that municipal authorities may require sidewalks, etc., to be kept in repair by the owners of property. The duty thus imposed upon property owners is a matter relating to the public health and safety; it is a police regulation, which is non-delegable. The primary duty is on the owner, so far as the city is concerned, to properly maintain the sidewalk, and the neglect so to do imposes a liability which is not shifted to a lessee: Pittsburgh v. Daley, 5 Pa. Superior Ct. 528; Chester v. First National Bank, 9 Pa. Superior Ct. 517. If, as in this case, a municipality is sued first, and judgment is obtained, the city may recover against the property owner the amount it is compelled to pay, provided, of course, the owner had notice, either actual or constructive, of the existence of the nuisance, and a reasonable time thereafter to abate it: Fowler v. Jersey Shore Boro., 17 Pa. Superior Ct. 366; Brookville Boro. v. Arthurs, supra; Gates v. P. R. R. Co., 150 Pa. 50, 24 A. 638; Dutton v. Lansdowne Boro., 198 Pa. 563, 48 A. 494. The public duty of the lessor is not divested by making a lease; it is only qualified by requiring notice of the defect on account of his nonoccupancy: Lindstrom v. Penna. Co., 212 Pa. 391, 61 A. 940; Ashley v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425, 428, 81 A. 442. The responsibility remaining in the owner of exercising proper care for safety to the public is absolute, and he can not escape his delinquency by delegating this duty to the tenant. We said in Hanley v. Ryan et ux., 87 Pa. Superior Ct. 6, 10: "While it is true that the covenant in the lease requiring the lessee to make repairs did not operate to relieve the lessor from a duty resting on him when the contract was executed nor discharge the lessor from his responsibility to the public or third persons

...... nevertheless it established a relation between the parties to the lease which entitled the landlord to indemnity from the tenant in case the former was required to pay damages to a third person through the neglect of the tenant to keep the leased premises in repair as covenanted."

The judgment in No. 311, October Term, 1933, is affirmed, and judgment in No. 312 is reversed with a venire.