## Frank et al. v. Lebow et al.

562

*Samuel A. Schreckengaust* and *McNees, Wallace & Nurick,* for plaintiffs.

*William D. Boswell* and *Compton, Handler & Berman,* for defendants.

SOHN, J., August 25, 1952.—This case comes before the court on the petition of defendants to sever Harry H. Frank and Blanche T. Frank, his wife, as plaintiffs, and to make them additional defendants in their joint suit with their minor son, David T. Frank, against Mark Lebow, a minor, Sylvan Lebow and Ruth M. Lebow. The petition to sever was filed in accordance with the provisions of Pennsylvania Rule of Civil Procedure 213(*b*) which provides:

"(b) The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues."

The questions we are called upon to answer also involve the Pennsylvania Rule of Civil Procedure 2252(*a*), which provides:

"(a) In any action the defendant or any additional defendant may file as of course a praecipe for a writ to join as an additional defendant *any person not a party to the action* who may be alone liable or liable over to him on the cause of action declared upon or

jointly or severally liable thereon with him." (Italics supplied.)

The trespass action in which the petition to sever was filed was commenced on October 26, 1949, by the filing by plaintiffs of a praecipe for a writ of summons in trespass. A writ was issued upon the praecipe and was served upon defendants on October 27, 1949. On December 7, 1950, a rule was issued upon plaintiffs to file a complaint within 20 days from the service thereof, and thereafter, on January 8, 1951, a complaint in trespass was filed to the above number and term. The complaint shows that plaintiffs, Harry H. Frank and Blanche T. Frank, and David T. Frank, a minor, by Harry H. Frank, his guardian, brought an action in trespass against defendants, Mark Lebow, a minor, and Sylvan Lebow and Ruth M. Lebow. The complaint sets up two causes of action. The first count in said complaint claims damages to minor plaintiff, David T. Frank, by reason of the physical injuries sustained by the alleged accident and occurrence therein described, and damages to Harry H. Frank and Blanche T. Frank, as a result of the expenditure of certain sums of money by them on behalf of minor plaintiff in the treatment and cure of minor plaintiff's injuries, anticipated future medical expenditures, the loss of the services of minor plaintiff to adult plaintiffs, and the earnings of minor plaintiff to which they would be entitled until minor plaintiff attains his majority. The second count of the complaint contains the same respective claims for damage on the basis of wanton, reckless misconduct on the part of minor defendant. On March 7, 1951, Robert L. Rubendall, Esq., was appointed guardian ad litem for Mark Lebow, minor defendant. On the same date, Robert L. Rubendall, guardian for Mark Lebow, minor, Sylvan Lebow and Ruth M. Lebow, all of the defendants in the within

action, filed a petition to sever the claim for damages alleged to be sustained by Harry H. Frank and Blanche T. Frank, from the claims for damages alleged to be sustained by minor plaintiff, David T. Frank, as the claims for damages of all plaintiffs were consolidated in one action. The petition alleges that defendants desire to join Harry H. Frank and Blanche T. Frank as additional defendants in connection with the claim of David T. Frank, a minor, but that they are not permitted to do so procedurally because Harry H. Frank and Blanche T. Frank, are party plaintiffs in the action. The petition further alleges, after setting forth the claims of the various party plaintiffs, that the inability to join Harry H. Frank and Blanche T. Frank, as additional defendants, as of course, works to the prejudice of defendant petitioners. On March 7, 1951, this court issued a rule upon plaintiffs to show cause, if any they had, why the claim of Harry H. Frank and Blanche T. Frank should not be separated from the claim of David T. Frank, a minor, all proceedings, including the running of the 60-day period for filing a praecipe to join an additional defendant, to stay meanwhile. On March 19, 1951, an answer to the petition to sever was filed, alleging two reasons why the rule should not be made absolute. The first reason was that defendants did not set forth any facts to establish a factual basis for joining Harry H. Frank and Blanche T. Frank, nor that they have alleged any facts to establish that defendants have been, are, or will be prejudiced by the joinder of plaintiffs' claims. The second reason sets forth that the joinder of Harry H. Frank and Blanche T. Frank, as additional defendants, cannot be permitted, if defendants' purpose is to attempt to establish that they are solely liable, by reason that they had a personal immunity to suit against them by their son, David T. Frank, and that the joinder should not be permitted if defendants' pur-

pose is to claim that Harry H. Frank and Blanche T. Frank, are liable over to defendant since no facts are alleged in the petition whereby such a determination could be made. The answer also alleged that the joinder of Harry H. Frank and Blanche T. Frank as additional defendants would serve no useful purpose, since, as a matter of law, defendants would be entitled neither to contribution nor to indemnity to plaintiffs and that a joinder is against the sound consideration of public policy, as its effect would have severe emotional and psychological disturbance upon minor defendant resulting in incalculable harm.

We will first discuss the proposition as to whether or not in the petition to sever there must be alleged the actual factual basis showing the right to the joinder of the parties as additional defendants. It is true that the earlier cases in which this problem was considered almost all considered factual matters alleged in the petitions to sever. In our own court in Darrow et al. v. Keystone 5 & 10, 60 Dauph. 134, it was said at page 138:

" 'The granting of a severance lies within the discretion of the court and the party seeking a severance must show that there is good cause therefor'."

Likewise, we have factual matters alleged in the petitions to sever in the cases of Swope et al. v. Costello, 47 D. & C. 696; Gusler et al. v. Swartzentruber et al., 48 D. & C. 705, and Carlin et al. v. Martyak et al., 65 D. & C. 498. In Brodman et al. v. Golden, 35 Berks 17, an allegation that the damage was caused "by the negligence" of plaintiff was deemed to be insufficient to warrant a severance. In the case under consideration here, petitioners merely set forth that they desire to join plaintiffs as additional defendants, and that they are prejudiced by the situation. However, we feel that the modern trend of cases should prevail. We feel that the position of the court taken

in Schragel v. Covert, 11 Beaver 163 (1949) is unassailable. In this case defendant did not set forth facts to establish the liability of additional defendant when he presented his petition to sever. The Hon. Morgan H. Sohn therein said:

"We are of the opinion that the rule should be made absolute. In Fisher v. Diehl, 156 Pa. Superior Court 476, the Superior Court affirmed an order granting a severance under similar circumstances. There the petitioner averred negligence on the part of the husband plaintiff, and that the husband plaintiff was (1) solely liable and (2) jointly liable with defendants. Such allegations do not appear in the petition before us. Under Rule 2252, defendant may not join one who is a party to the action as an additional defendant. Permission to sever must be obtained before such joinder. Under Rule 2252, the writ to join an additional defendant must be accompanied by a complaint 'setting forth the facts relied upon to establish the liability'. *If such facts are not set forth, there can be no recovery against the plaintiff, nor any right to contribution established.* Plaintiff will suffer no prejudice. The question is primarily one of procedure. All the rights of respective parties can be fully protected after severance. If defendant's request were denied, we are of the opinion that the defendant should be given leave to amend. This would result in additional delay to plaintiffs. A prompt adjudication of the rights of the parties can best be accomplished by allowing the prayer of the petition requesting a severance." (Italics supplied.)

A like conclusion is reached in the following cases: Poole v. Mushroom Transportation Co., 31 Del. Co. 274; Wnek et al. v. Boyle, 74 D. & C. 475; Seymour v. Folberg, 46 D. & C. 292; Judge et al. v. Lan°, 43 D. & C. 511; Tate v. Moran Transportation Co., 28 Erie 87; William Freihofer Baking Co. et al. v. Collins,

etc., 43 D. & C. 485. In the case of Haney v. Zimmerman, 42 D. & C. 716, and Langman et al. v. Spaulding Bakeries, Inc., 48 D. & C. 192, it was held that the severance may be granted by reason of the provisions of Rule 2231(d) of the Rules of Civil Procedure that the joinder of the parties should not deprive any party of a procedural right which they would enjoy in the absence of such joinder. A recent interesting discussion of this whole proposition is found in the opinion of the Hon. W. Clarence Sheely in Humbert et al. v. Mellott, 78 D. & C. 178 (1951). Here, again, no factual allegations are made in the petition to sever and the severance was granted.

From a review of the cases decided on both sides of this question, we feel that undoubtedly the better view is that the petition to sever need not set forth any factual matters. The matter is purely one of procedure and the various liabilities of the parties sought to be joined must be set forth with particularity at the time petitioner who seeks the severance files his complaint to bring in additional defendant. In any event, the rights of the parties can be fully protected at the time of trial.

We come now to the additional question as to whether defendants herein are entitled to join plaintiffs as additional defendants in the claim of their minor son as plaintiff. As the cases point out, the joinder of additional parties does not affect in any way the substantive rights of the parties. It merely provides a mechanism by which the rights, if any, of original defendants against additional defendants can be adjudicated in the same action as that in which the rights of plaintiffs against original defendants are adjudicated: Goodrich-Amram Procedural Rules Service, section 2252(a) (4). It must be conceded that where the status of plaintiff and a proposed additional defendant is such that plaintiff has no valid right of

legal action directly against such additional defendant, such as exists between an injured employe and his employer, or between members of a family, such additional defendant may not be joined upon the theory of his sole responsibility to plaintiff for the injury or damage sustained: Jackson v. Gleason, 320 Pa. 545; Morris et al. v. McKinley et al., 33 D. & C. 696; Goldstein et al. v. Yellow Cab Co. et al., 44 D. & C. 560. It must be conceded likewise that there is no valid right of legal action directly between a parent and child for a tort. However, that is not the case here. In the case of Duffy v. Duffy, 117 Pa. Superior Ct. 500, and Briggs v. City of Philadelphia, 112 Pa. Superior Ct. 50, it is held that the law of Pennsylvania is that a parent cannot maintain an action based on negligence against an unemancipated minor child, nor can such child maintain such an action against the parents. This rule is based upon public policy and it is designed to preserve harmony and peace within families which might be disrupted by permitting actions between members of the same family. However, in bringing in an additional defendant, a parent against a child, under the theory that the parent is either liable over to original defendant or jointly liable with original defendant, the action can be properly maintained, and if the jury would find that additional defendant was guilty of negligence which contributed to bring about the accident and the resulting injury, the negligence being combined with that of original defendant, the latter would have the right of contribution against him, notwithstanding the fact that additional defendant, by reason of rule of law or public policy could not be held to be solely liable for the injuries sustained by original defendant: Goldman v. Mitchell-Fletcher Co., 292 Pa. 354.

The case of Fisher v. Diehl, 156 Pa. Superior Ct. 476 (1944) is a leading case in this matter. This suit

involved the immunity from suit between husband and wife. It was there held that where a husband and wife join in an action, defendant may sever the husband in order to join him as an additional defendant on the claim of contribution only. Defendant's right of contribution from the husband, in that case, was held not to be barred because of his position as a joint plaintiff under a provision which is procedural in nature and not substantive.

Again we have the following discussion in the case of Crowe et ux. v. Peoples Bank & Trust Co., 77 D. & C. 563, 568:

"The incapacity of a married person to make the spouse a defendant in trespass does not prevent the bringing in of the spouse as additional defendant to the third person who has first been named as original defendant charged with responsibility for the negligence which first led to the wife's injury; a judgment and verdict obtained against such married person who has been made an additional defendant, even though he was an original plaintiff with the wife, will not be enforced by the other spouse who was also an original plaintiff, and simply remains available to the original defendant by way of contribution: Fisher v. Diehl, 156 Pa. Superior Ct. 476, 40 A. (2d) 912. And our Supreme Court has broadened this doctrine to the point where it held recently that under the provisions of Pa. R. C. P. 2254, a plaintiff husband who was involved in an automobile accident in one county and who institutes a suit in trespass in another county to recover damages arising out of the accident may be joined as an additional defendant in that suit and also in suits by passengers in his automobile which were instituted in the same court. The preliminary objections of the husband plaintiff were dismissed, and he was joined as additional defendant 'to avoid multiplicity of suits by adjudicating in one suit the rights

and liabilities of all the parties to a single transaction', the Supreme Court declaring that 'applicable rules should, if possible, be construed to accomplish this purpose': Vaughan v. Womeldorf, 366 Pa. 262, 266.

"These cases have significant meaning to the situation at hand and encourage us to use the provisions of Pa. R. C. P. 126 (332 Pa. lxvii) which reads:

" 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.'

"Of course neither this rule nor any other rule should be applied in a manner that would result in a waiver of serious defects and important irregularities, but we ought to disregard procedural irregularities which do not affect the merits of a controversy. See page 3 of Goodrich-Amram's discussion of Rules of Construction, including 126 in the 1950 release of the annotations: Steinert v. Galasso, 363 Pa. 393, 400, 69 A. (2d) 841; McKay et al. v. Beatty et al., 348 Pa. 286, 35 A. (2d) 264."

Accordingly, we feel that since the permissive joinder of causes of action is merely a convenience and the causes still retain their separate character, and the court possesses an inherent power to direct the severance, defendants should be granted a severance so as to permit them to join parent-plaintiffs in this case as additional defendants on the theory that they may be jointly liable along with original defendants in the case of minor plaintiff, and so that contribution may be effected between original defendants and additional defendants in case of a verdict in favor of minor plaintiff, particularly in view of the provision of rule 213(b) of the Rules of Civil Procedure, that the court,

in furtherance of convenience or to avoid prejudice, may, on its own motion, or on motion of any party, order a separate trial of any cause of action. See Fisher v. Diehl, supra; Sweitzer et al. v. Erie Coach Co. et al., 44 D. & C. 328; Gusler et al. v. Swartzentruber et al., 48 D. & C. 705; Norton et ux. v. Regan et al., 52 D. & C. 354.

The late President Judge Keller of the Superior Court very clearly sets forth the law in connection with this matter in Fisher v. Diehl, supra, where he says, at page 485:

"The court, speaking through Mr. Justice Drew, referred with approval to the analogous case where a minor daughter (although a suit on her behalf against her parent would not be permitted on the ground that it would disrupt domestic harmony), could nevertheless recover against a city for injuries due to a defective foot pavement in front of property of which her father was tenant, even though he, in turn, as additional defendant, was held liable over to the city in the same proceeding (Briggs v. Phila., 112 Pa. Superior Ct. 50, 170 A. 871), and added: 'Similarly, in the case before us, plaintiff's recovery against appellants (the original defendants) is in no way barred by the fact that her husband is liable over to them' (p. 495).

"The same principle—that while a wife may not sue her husband for personal injuries resulting from his negligence, this immunity does not prevent his being made liable to answer over, as an additional defendant, by way of contribution, to a third party who has been sued by the wife as responsible for her injuries, if the husband's negligence contributed to the accident . . . is implicit in the opinions of the Supreme Court in the following cases: Kaczorowski v. Kalkosinski, Admr., 321 Pa. 438, 184 A. 663, where the Court said: 'It is immaterial what reason may be assigned for the prohibition on tort actions between

spouses, it is obvious that though they successfully prevent actions between the spouses themselves, they cannot be extended to include actions by third parties who may be injured by the same act or others who may be liable for the injury as in Koontz v. Messer & Quaker State Oil Refining Co., supra. The application of the rule would be an injustice since neither of the reasons for the rule apply to such situations.' Rau v. Manko, 341 Pa. 17, 23, 17 A. 2d 422; where referring to former Rule 2258, the court said: 'The Rule does not and was not intended to enable a plaintiff, who has no control over the litigation between the defendant and the additional defendant, to prevent adjudication of their rights: see Shapiro v. Philadelphia, 306 Pa. 216, 220-21, 159 A. 29. Such a plaintiff is not affected by defendant's bringing in the additional defendant from whom the plaintiff cannot recover: compare Koontz v. Messer, 320 Pa. 487, 493, 181 A. 792; Murray v. Lavinsky, 120 Pa. Superior Ct. 392, 182 A. 803.' "

We feel from a review of all the authorities that a decided injustice might be worked to defendants if we did not grant the severance asked for in this case. At the time of the joinder of parent plaintiffs, defendants must then file a complaint wherein they will have to allege the exact liability which they feel exists upon the part of parent plaintiffs. The full rights of all parties can be fully protected hereafter. We note that the 60-day period for bringing in parties plaintiff, who are sought to be joined as additional defendants, has almost expired. We note likewise that defendants are now residents of the City of Cincinnati, Ohio. That sufficient time may be given to defendants to prepare their complaint against additional defendant, we will allow them an additional period of 30 days from this date in which to file the complaint against additional defendants.

*Order*

And now, August 25, 1952, it is ordered and decreed that defendants' petition for severance be granted, and that the claim of David T. Frank, a minor, be severed from the claim of Harry H. Frank and Blanche T. Frank, so as to permit the joinder of Harry H. Frank and Blanche T. Frank as additional defendants in the action. Defendant is allowed 30 days from this date to file his praecipe for a writ to join Harry H. Frank and Blanche T. Frank as additional defendants.