## Gortva v. Feldman

*Elmer D. Christine* and *James F. Pendergast,* for plaintiff.

*Harold C. Edwards,* for defendant.

DAVIS, P. J., September 6, 1957.—This matter comes before the court on preliminary objections to plaintiff's complaint filed by Louis G. Feldman, administrator of the estate of Joseph Gortva, Sr., deceased, one of defendants.

The facts to be considered as disclosed by the pleadings are that on August 1, 1954, plaintiff, an unemancipated minor, was riding in a car owned and operated by his father, Joseph Gortva, Sr., when an accident occurred in which the father was killed and the minor was injured.

The question is: May an action for personal injuries resulting from negligence be maintained by an unemancipated minor child against the personal representative of his parent's estate?

It is well settled that an unemancipated minor cannot sue a living parent.

"There never has been a common law rule that a child could not sue its parent. But, there is substantial decisional authority that it is not permitted, on the theory that it is disruptive of the family peace, destructive of the enforcement of discipline, and, therefore, against public policy. We recognize the wisdom of these rulings as the state and society are vitally interested in the integrity of, and harmony in, the family": Briggs v. City of Philadelphia, 112 Pa. Superior Ct. 50, 170 Atl. 871.

Does the fact that the allegedly negligent parent is dead affect this rule? We believe it does.

Since there never has been a common law rule that a child could not sue its parent and the decisional authority prohibiting suit against a living parent is founded on the theory that such a suit would be disruptive of the family peace and destructive of the enforcement of discipline, it seems that the reason for the decisional authority prohibiting suit is not present when the parent who would be affected is dead.

Although this question has not been before the appellate courts it has been before the lower courts on several occasions. Judge Farr, in Chesonis v. Chesonis, 4 D. & C. 2d 449, Judge Alessandroni, in Brower v. Webb, 5 D. & C. 2d 193, and Judge Lord, in Davis v.

Smith, 126 F. Supp. 497, E. D. Pa., have considered the question and rendered comprehensive opinions holding that the action is valid. We see no advantage in repeating that which is already in the reports.

It is our opinion that as between parent and child the family immunity doctrine does not extend beyond the life of the family member protected thereby and is not available to his estate.

Counsel for defendant has submitted a comprehensive brief dealing with many facets of the doctrine of family immunity; however, the appellate court cases cited are not controlling because of differing facts.

In Dunlevy v. The Butler County National Bank, 64 D. & C. 535, in which the facts were similar to the case under consideration, the court indicated that it was its belief that the action would not lie but dismissed the preliminary objections in order to submit the question of emancipation to the jury. We do not agree with the inferences drawn from the appellate court cases cited therein.

In Lewellyn v. Mensch, 5 D. & C. 2d 67, the action was instituted by the personal representative of the deceased wife against the personal representative of the deceased husband, both having been killed in an automobile accident wherein the husband was the operator of the automobile. We believe the husband and wife relationship has legal signification which does not appear in the parent and child relationship and would not apply to the case at bar; however, since the question is not involved in this case, we express no opinion involving the husband and wife relationship.

### Order

And now, September 6, 1957, preliminary objections of defendant, Louis G. Feldman, administrator of the estate of Joseph Gortva, Sr., deceased, are dismissed and said defendant is allowed 20 days to answer.